E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

May 06 2021 3:04 PM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-05787-1

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

9   Kylee Andersen and Michael Andersen,
    individually and as husband and wife and the
10  marital community thereof; Oaklee Andersen, a
    minor, by and through his guardian ad litem,
11  Michael Andersen;

12  Jessica Asbridge and Kevin Asbridge, individually
    and as husband and wife and the marital
13  community thereof; Kevin Asbridge Jr., a minor,
    by and through his guardian ad litem, Kevin
14  Asbridge; Liam Asbridge, a minor, by and through
    his guardian ad litem, Kevin Asbridge;

15
    Bryce Baskin and Faith Baskin, individually and as
16  husband and wife and the marital community
    thereof;
17
    Crystal Cooper, individually; Trevor Cooper, a
18  minor, by and through his guardian ad litem,
    Crystal Cooper;
19
    Amber Fletcher, individually; Noah Fletcher, a
20  minor, by and through his guardian ad litem,
    Amber Fletcher; Olivia Fletcher, a minor, by and
21  through her guardian ad litem, Amber Fletcher;
    Abigail Fletcher, a minor, by and through her
22  guardian ad litem, Amber Fletcher;

23  Edward Godoy and Melissa Godoy, individually
    and as husband and wife and the marital

24

No.

**COMPLAINT FOR DAMAGES**

**COMPLAINT FOR DAMAGES** – 1

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

community thereof; Zephyr Godoy, a minor, by and through his guardian ad litem, Edward Godoy; Reyna Godoy, a minor, by and through her guardian ad litem, Edward Godoy;

Katie Keeley and Michael Keeley, individually and as husband and wife and the marital community thereof; Draven Keeley, a minor, by and through his guardian ad litem, Michael Keeley; Ahri Keeley, a minor, by and through her guardian ad litem, Michael Keeley;

Geoffrey Lundwall and Shana Lundwall, individually and as husband and wife and the marital community thereof; Xander Lundwall, a minor, by and through his guardian ad litem, Geoffrey Lundwall; Xariah Lundwall, a minor, by and through her guardian ad litem, Geoffrey Lundwall;

Colby Orr and Danielle Orr, individually and as husband and wife and the marital community thereof; Colson Orr, a minor, by and through his guardian ad litem, Colby Orr;

Julio Osorio and Rebekah Osorio, individually and as husband and wife and the marital community thereof;

Frances Paulino, individually; Adora Paulino, a minor, by and through her guardian ad litem, Frances Paulino; Matthias Paulino, a minor, by and through his guardian ad litem, Frances Paulino;

Chantina Powers and Pierre Powers, individually and as husband and wife and the marital community thereof; Aiden Powers, a minor, by and through his guardian ad litem, Pierre Powers; Tyler Powers, a minor, by and through his guardian ad litem, Pierre Powers; Teagan Powers, a minor, by and through her guardian ad litem, Pierre Powers; Ariah Powers, a minor, by and through her guardian ad litem, Pierre Powers; Christopher Powers, a minor, by and through his guardian ad litem, Pierre Powers;

COMPLAINT FOR DAMAGES – 2

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1  Chelsea Johnson, individually; Aurora Johnson, a
   minor by and through her guardian ad litem,
2  Chelsea Johnson; Rourke Johnson, a minor by and
   through his guardian ad litem, Chelsea Johnson;
3
   Vanessa Strother, individually; Keegan Strother, a
4  minor, by and through his guardian ad litem,
   Vanessa Strother; Kayleigh Strother, a minor, by
5  and through her guardian ad litem, Vanessa
   Strother;
6
   Kelsey White, individually; Stetson White, a
7  minor, by and through his guardian ad litem,
   Kelsey White; Tobias White, a minor, by and
8  through his guardian ad litem, Kelsey White;

9            Plaintiffs,
       vs.
10
   Lewis McChord Communities LLC, a Delaware
11 limited liability company; Lincoln Military
   Housing Lewis McChord PM LLC, a Delaware
12 limited liability company; JOHN and JANE DOES
   1 to 50, inclusive;
13
            Defendant.
14
_____

15       COMES NOW Plaintiffs by and through their undersigned attorney, Son "Sonny" Nguyen of

16 Park Chenaur & Associates, Inc. and for cause of action against Defendants, complains and alleges as

17 follows:

18                      **I.    PARTIES**

19 1.1     Plaintiff, Kylee Andersen is an individual and at all times mentioned in this Complaint was a

20 resident of Pierce County, Washington and at all times material hereto resided at a subject property

21 located at 3051A Jupiter St. SW, Joint Base Lewis McChord ("JBLM"), WA 98433 in Pierce County.

22 Lewis McChord Communities LLC ("Lewis McChord Communities") is the landlord and owner of this

23 subject property. Lincoln Military Housing Lewis McChord PM LLC ("LMH") is the landlord and

24
   **COMPLAINT FOR DAMAGES** – 3                    **PARK CHENAUR & ASSOC., INC., P.S.**

1   owner's agent, responsible for the management of this subject property, including operation,

2   maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

3   1.2    Plaintiff, Michael Andersen is an individual and at all times mentioned in this Complaint was a

4   resident of Pierce County, Washington and at all times materials hereto resided at a subject property

5   located at 3051A Jupiter St. SW, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is

6   the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for

7   the management of this subject property, including operation, maintenance, repair, and/or other actions

8   to provide clean, sanitary, and safe conditions for tenants.

9   1.3    Plaintiff, Oaklee Andersen, a minor, by and through his guardian ad litem, Michael Andersen, is

10   an individual and at all times material hereto was a resident of Pierce County, Washington and resided

11   at a subject property located at 3051A Jupiter St. SW, JBLM, WA 98433 in Pierce County. Lewis

12   McChord Communities is the landlord and owner of this subject property. LMH is the landlord and

13   owner's agent, responsible for the management of this subject property, including operation,

14   maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

15   1.4    Plaintiff, Jessica Asbridge is an individual and at all times mentioned in this Complaint was a

16   resident in Pierce County, Washington and at all times material hereto resided at a subject property

17   located at 8631 Richmond, PL., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is

18   the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for

19   the management of this subject property, including operation, maintenance, repair, and/or other actions

20   to provide clean, sanitary, and safe conditions for tenants.

21   1.5    Plaintiff, Kevin Asbridge is an individual and at all times mentioned in this Complaint was a

22   resident in Pierce County, Washington and at all times material hereto resided at a subject property

23   located at 8631 Richmond, PL., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is

24

1   the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for

2   the management of this subject property, including operation, maintenance, repair, and/or other actions

3   to provide clean, sanitary, and safe conditions for tenants.

4   1.6    Plaintiff, Kevin Asbridge Jr., a minor, by and through his guardian ad litem, Kevin Asbridge, is

5   an individual and at all times material hereto was a resident of Pierce County, Washington and resided

6   at a subject property located at 8631 Richmond, Pl., JBLM, WA 98433 in Pierce County. Lewis

7   McChord Communities is the landlord and owner of this subject property. LMH is the landlord and

8   owner's agent, responsible for the management of this subject property, including operation,

9   maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

10   1.7    Plaintiff, Liam Asbridge, a minor, by and through his guardian ad litem, Kevin Asbridge, is an

11   individual and at all times material hereto was a resident of Pierce County, Washington and resided at a

12   subject property located at 8631 Richmond, Pl., JBLM, WA 98433 in Pierce County. Lewis McChord

13   Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent,

14   responsible for the management of this subject property, including operation, maintenance, repair,

15   and/or other actions to provide clean, sanitary, and safe conditions for tenants.

16   1.8    Plaintiff, Bryce Baskin is an individual and at all times mentioned in this Complaint was a

17   resident of Pierce County, Washington and resided at all times material hereto at a subject property

18   located at 5907 Rhode Island, Apt. B, JBLM, WA 98433 in Pierce County. Lewis McChord

19   Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent,

20   responsible for the management of this subject property, including operation, maintenance, repair,

21   and/or other actions to provide clean, sanitary, and safe conditions for tenants.

22   1.9    Plaintiff, Faith Baskin is an individual and at all times mentioned in this Complaint was a resident

23   of Pierce County, Washington and at all times material hereto resided at a subject property located at

24

**COMPLAINT FOR DAMAGES** – 5

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

5907 Rhode Island, Apt. B, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.10    Plaintiff, Crystal Cooper is an individual and at all times mentioned in this Complaint was a resident of Pierce County, Washington and at all times material hereto resided at a subject property located at 7117 Shield Ave. #A, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.11    Plaintiff, Trevor Cooper, a minor, by and through his guardian ad litem, Crystal Cooper, is an individual and at all times material hereto was a resident of Pierce County, Washington and resided at a subject property located at 7117 Shield Ave. #A, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.12    Plaintiff, Amber Fletcher is an individual and all times mentioned in this Complaint was a resident of Pierce County, Washington and at all times material hereto resided at a subject property located at 8369 Denver Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1.13    Plaintiff, Noah Fletcher, a minor, by and through his guardian ad litem, Amber Fletcher, is an individual and at all times material hereto was a resident of Pierce County, Washington and resided at a subject property located at 8369 Denver Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants. Plaintiff, Olivia Fletcher, a minor, by and through her guardian ad litem, Amber Fletcher, is an individual and at all times material hereto was a resident of Pierce County, Washington and resided at a subject property located at 8369 Denver Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.14    Plaintiff, Abigail Fletcher, a minor, by and through her guardian ad litem, Amber Fletcher, is an individual and at all times material hereto was a resident of Pierce County, Washington and resided at a subject property located at 8369 Denver Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.15    Plaintiff, Edward Godoy is an individual and at all times mentioned in this Compliant was a resident of Pierce County, Washington and at all times material hereto resided at a subject property located at 7170 Holloway St. Apt. A, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent,

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1    responsible for the management of this subject property, including operation, maintenance, repair,

2    and/or other actions to provide clean, sanitary, and safe conditions for tenants.

3    1.16    Plaintiff, Melissa Godoy is an individual and at all times mentioned in this Complaint was a

4    resident of Pierce County, Washington and at all times material hereto resided at a subject property

5    located at 7170 Holloway St. Apt. A, JBLM, WA 98433 in Pierce County. Lewis McChord

6    Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent,

7    responsible for the management of this subject property, including operation, maintenance, repair,

8    and/or other actions to provide clean, sanitary, and safe conditions for tenants.

9    1.17    Plaintiff, Zephyr Godoy, a minor, by and through his guardian ad litem, Edward Godoy, is an

10   individual and at all times material hereto resided at a subject property located at 7170 Holloway St.

11   Apt. A, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner

12   of this subject property. LMH is the landlord and owner's agent, responsible for the management of this

13   subject property, including operation, maintenance, repair, and/or other actions to provide clean,

14   sanitary, and safe conditions for tenants.

15   1.18    Plaintiff, Reyna Godoy, a minor, by and through her guardian ad litem, Edward Godoy, is an

16   individual and at all times material hereto resided at a subject property located at 7170 Holloway St.

17   Apt. A, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner

18   of this subject property. LMH is the landlord and owner's agent, responsible for the management of this

19   subject property, including operation, maintenance, repair, and/or other actions to provide clean,

20   sanitary, and safe conditions for tenants.

21   1.19    Plaintiff, Katie Keeley is an individual and at all times mentioned in this Complaint was a

22   resident of Pierce County, Washington and at all times material hereto resided at a subject property

23   located at 6028 Garcia Blvd. Apt. A, JBLM, WA 98433 in Pierce County. Lewis McChord Communities

24

**COMPLAINT FOR DAMAGES** – 8

is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.20    Plaintiff, Michael Keeley is an individual and at all times mentioned in this Complaint was a resident of Pierce County, WA and at all times material hereto resided at a subject property located at 6028 Garcia Blvd. Apt. A, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.21    Plaintiff, Draven Keeley, a minor, by and through his guardian ad litem, Michael Keeley, is an individual and at all times material hereto resided at a subject property located at 6028 Garcia Blvd., Apt. A, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.22    Plaintiff, Ahri Keeley, a minor, by and through her guardian ad litem, Michael Keeley, is an individual and at all times material hereto resided at a subject property located at 6028 Garcia Blvd., Apt. A, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.23    Plaintiff, Geoffrey Lundwall is an individual and at all times mentioned in this Complaint was a resident of Pierce County, Washington and at all times material hereto resided at a subject property

COMPLAINT FOR DAMAGES – 9

located at 5916C Quincy Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.24    Plaintiff, Shana Lundwall is an individual and at all times mentioned in this Complaint was a resident of Pierce County and at all times material hereto resided at a subject property located at 5916C Quincy Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.25    Plaintiff, Xander Lundwall, a minor, by and through his guardian ad litem, Geoffrey Lundwall, is an individual and at all times material hereto resided at a subject property located at 5916C Quincy Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.26    Plaintiff, Xariah Lundwall, a minor, by and through her guardian ad litem, Geoffrey Lundwall, is an individual and at all times material hereto resided at a subject property located at 5916C Quincy Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1.27    Plaintiff, Colby Orr is an individual and at all times mentioned in this Complaint was a resident of Pierce County, Washington and at all times material hereto resided at a subject property located at 2812 Momfore Dr., Unit B, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.28    Plaintiff, Danielle Orr is an individual and at all times mentioned in this Complaint was a resident of Pierce County, Washington and at all times material hereto resided at a subject property located at 2812 Momfore Dr., Unit B, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.29    Plaintiff, Colson Orr, a minor, by and through his guardian ad litem, Colby Orr, is an individual and at all times material hereto resided at a subject property located at 2812 Momfore Dr., Unit B, JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.30    Plaintiff, Julio Osorio is an individual and at all times mentioned in this Complaint was a resident of Pierce County, Washington and at all times material hereto resided at a subject property located at 9850 Washington St., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1    management of this subject property, including operation, maintenance, repair, and/or other actions to

2    provide clean, sanitary, and safe conditions for tenants.

3    1.31    Plaintiff, Rebekah Osorio is an individual and at all times mentioned in this Complaint was a

4    resident of Pierce County, Washington and at all times material hereto resided at a subject property

5    located at 9850 Washington St., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is

6    the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for

7    the management of this subject property, including operation, maintenance, repair, and/or other actions

8    to provide clean, sanitary, and safe conditions for tenants.

9    1.32    Plaintiff, Frances Paulino is an individual and at all times mentioned in this Complaint was a

10   resident of Pierce County, Washington and at all times material hereto resided at a subject property

11   located at 8403 Milwaukee St., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is

12   the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for

13   the management of this subject property, including operation, maintenance, repair, and/or other actions

14   to provide clean, sanitary, and safe conditions for tenants.

15   1.33    Plaintiff, Adora Paulino, a minor by and through her guardian ad litem, Frances Paulino, is an

16   individual and at all times material hereto resided at a subject property located at 8403 Milwaukee St.,

17   JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this

18   subject property. LMH is the landlord and owner's agent, responsible for the management of this subject

19   property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and

20   safe conditions for tenants.

21   1.34    Plaintiff, Matthias Paulino, a minor by and through his guardian ad litem, Frances Paulino, is an

22   individual and at all times material hereto resided at a subject property located at 8403 Milwaukee St.,

23   JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this

24

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1    subject property. LMH is the landlord and owner's agent, responsible for the management of this subject

2    property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and

3    safe conditions for tenants.

4    1.35    Plaintiff, Chantina Powers is an individual and at all times mentioned in this Complaint was a

5    resident of Pierce County, Washington and at all times material hereto resided at a subject property

6    located at 5099 Tacoma Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the

7    landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the

8    management of this subject property, including operation, maintenance, repair, and/or other actions to

9    provide clean, sanitary, and safe conditions for tenants.

10   1.36    Plaintiff, Pierre Powers is an individual and at all times mentioned in this Complaint was a

11   resident of Pierce County, Washington and at all times material hereto resided at a subject property

12   located at 5099 Tacoma Ave., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the

13   landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the

14   management of this subject property, including operation, maintenance, repair, and/or other actions to

15   provide clean, sanitary, and safe conditions for tenants.

16   1.37    Plaintiff, Aiden Powers, a minor, by and through his guardian ad litem, Pierre Powers, is an

17   individual and at all times material hereto resided at a subject property located at 5099 Tacoma Ave.,

18   JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this

19   subject property. LMH is the landlord and owner's agent, responsible for the management of this subject

20   property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and

21   safe conditions for tenants.

22   1.38    Plaintiff, Tyler Powers, a minor, by and through his guardian ad litem, Pierre Powers, is an

23   individual and at all times material hereto resided at a subject property located at 5099 Tacoma Ave.,

24

COMPLAINT FOR DAMAGES – 13

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1    JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this

2    subject property. LMH is the landlord and owner's agent, responsible for the management of this subject

3    property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and

4    safe conditions for tenants.

5    1.39    Plaintiff, Teagan Powers, a minor, by and through her guardian ad litem, Pierre Powers, is an

6    individual and at all times material hereto resided at a subject property located at 5099 Tacoma Ave.,

7    JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this

8    subject property. LMH is the landlord and owner's agent, responsible for the management of this subject

9    property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and

10   safe conditions for tenants.

11   1.40    Plaintiff, Ariah Powers, a minor, by and through her guardian ad litem, Pierre Powers, is an

12   individual and at all times material hereto resided at a subject property located at 5099 Tacoma Ave.,

13   JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this

14   subject property. LMH is the landlord and owner's agent, responsible for the management of this subject

15   property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and

16   safe conditions for tenants.

17   1.41    Plaintiff, Christopher Powers, a minor, by and through his guardian ad litem, Pierre Powers, is

18   an individual and at all times material hereto resided at a subject property located at 5099 Tacoma Ave.,

19   JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this

20   subject property. LMH is the landlord and owner's agent, responsible for the management of this subject

21   property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and

22   safe conditions for tenants.

23

24

**COMPLAINT FOR DAMAGES** – 14

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1.42    Plaintiff, Chelsea Johnson is an individual and at all times mentioned in this Complaint was a resident of Pierce County, Washington and at all times material hereto resided at a subject property located at 8219 Atlanta Dr., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.43    Plaintiff, Aurora Johnson, a minor, by and through her guardian ad litem, Chelsea Johnson, is an individual and at all times material hereto resided at a subject property located at 8219 Atlanta Dr., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.44    Plaintiff, Rourke Johnson, a minor, by and through his guardian ad litem, Chelsea Johnson, is an individual and at all times material hereto resided at a subject property located at 8219 Atlanta Dr., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.45    Plaintiff, Vanessa Strother is an individual and at all times mentioned in this Complaint was a resident of Pierce County, Washington and at all times material hereto resided at a subject property located at 6568 Magnolia Blvd., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.46    Plaintiff, Keegan Strother, a minor, by and through his guardian ad litem, Vanessa Strother, is an individual and at all times material hereto resided at a subject property located at 6568 Magnolia Blvd., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.47    Plaintiff, Kayleigh Strother, a minor, by and through her guardian ad litem, Vanessa Strother, is an individual and at all times material hereto resided at a subject property located at 6568 Magnolia Blvd., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.48    Plaintiff, Kelsey White is an individual and at all times mentioned in this Complaint was a resident of Pierce County, Washington and at all times material hereto resided at a subject property located at 6745 Magnolia Blvd., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.49    Plaintiff, Stetson White, a minor, by and through his guardian ad litem, Kelsey White, is an individual and at all times material hereto resided at a subject property located at 6745 Magnolia Blvd., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.50    Plaintiff, Tobias White, a minor, by and through his guardian ad litem, Kelsey White, is an individual and at all times material hereto resided at a subject property located at 6745 Magnolia Blvd., JBLM, WA 98433 in Pierce County. Lewis McChord Communities is the landlord and owner of this subject property. LMH is the landlord and owner's agent, responsible for the management of this subject property, including operation, maintenance, repair, and/or other actions to provide clean, sanitary, and safe conditions for tenants.

1.51    On information and belief, Defendant, Lewis McChord Communities is a Delaware corporation engaged in the building, renovating, and maintaining government housing for military service members assigned to JBLM.

1.52    On information and belief, Defendant, Lewis McChord Communities is registered with the Washington Secretary of State as a foreign limited liability company and is authorized by the State of Washington to conduct business in Washington.

1.53    On information and belief, Defendant, LMH, referred to above as "Lincoln Military Housing Lewis McChord PM LLC" is a Delaware corporation doing business as "LMH Lewis-McChord PM LLC."

1.54    On information and belief, Defendant, LMH is registered with the Washington Secretary of State as a foreign limited liability company and is authorized to conduct business in Washington.

1.55    On information and belief, Defendant, Lewis McChord Communities listed LMH as the corporation's governor in its registration with the Washington Secretary of State.

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1.56    Plaintiffs do not know the true names of Defendants JOHN and JANE DOES 1 through 50, inclusive (Defendant DOES), and therefore sue them by fictitious names. Upon information and belief, Defendant DOES were legally and proximately responsible for the events and happenings alleged in this Complaint, which caused Plaintiffs' injuries and damages.

1.57    On information and belief, Defendant DOES were at all times material hereto agents and employees of their co-Defendants, Lewis McChord Communities and LMH, and all actions alleged in this Complaint were done in the course and scope of their agency and employment.

1.58    On information and belief, Defendant DOES individually and respectively acted as an agent, servant, partner, employee or on behalf of a co-Defendant in taking the actions alleged in this Complaint, and all such actions were within the scope of his or her authority, granted by permission or consent by a co-Defendant.

1.59    On information and belief, Defendant DOES were individually and respectively qualified to and did conduct business in the State of Washington.

1.60    On information and belief, Defendants, Lewis McChord Communities, LMH, and each Defendant DOES acted on its own behalf or as an agent, servant, partner, employee, or on behalf of a co-Defendant, and in taking the actions alleged in this Complaint, all Defendants acted within the scope of their authority as an agent, servant, partner, employee, or with the permission or consent of a co-Defendant.

1.61    The lease agreement mentioned in this Complaint and material hereto was entered into and was to be performed in JBLM, Pierce County, Washington.

1.62    Plaintiffs and Defendants at all times material hereto resided and/or were located in Pierce County, Washington.

## II.   JURISDICTION AND VENUE

2.1     At all times material hereto, Plaintiffs were residents of Pierce County, Washington.

2.2     All acts and omissions of all Defendants as herein alleged occurred on JBLM in Pierce County, Washington.

2.3     The State of Washington reserved jurisdiction and authority over lands acquired by the United States in matters not inconsistent with the jurisdiction ceded by the acquisition. Thus, federal courts do not necessarily enjoy exclusive jurisdiction in such matters. *See Abbay v. Aurora Pump Company*, No. 62399-1-I (Wash. Ct. App. August 8, 2011) (Unpublished Opinion).

2.4     The present action and claims are based upon the provisions of Washington law.

2.5     This Court has full and proper personal jurisdiction over all of the parties hereto and over the subject matter herein.

2.6     The venue is proper in Pierce County Superior Court pursuant RCW 4.12.020(3) and RCW 37.04.030.

## III.   FACTUAL BACKGROUND

3.1     Plaintiffs, Kylee, Michael, and Oaklee Andersen ("Andersen Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around May 9, 2019 through or around January 2020.

3.2     Plaintiffs, Kevin, Jessica, Liam, and Kevin Jr. Asbridge ("Asbridge Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around February 16, 2018 through or around August or September 2019.

3.3     Plaintiffs, Bryce and Faith Baskin ("Baskin Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around March 17, 2018 through or around October 31, 2019.

COMPLAINT FOR DAMAGES – 19

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

3.4     Plaintiffs, Crystal and Trevor Cooper ("Cooper Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around August 1, 2017 through or around June 1, 2019. Prior to living at one of the subject properties listed above, the Cooper Family also lived at another subject property owned and operated by Lewis McChord and LMH during a period beginning on or around early 2017 until approximately August 2017.

3.5     Plaintiffs, Amber, Noah, Olivia, and Abigail Fletcher ("Fletcher Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around August 10, 2018 through or around September 27, 2019.

3.6     Plaintiffs, Edward, Melissa, Zephyr, and Reyna Godoy ("Godoy Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around July 13, 2018 through or around September 6, 2019.

3.7     Plaintiffs, Katie, Michael, Draven, and Ahri Keeley ("Keeley Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around December 2018 through or around September 2019. Prior to living at one of the subject properties listed above, the Keeley Family also lived at a subject property owned and operated by Lewis McChord Communities and LMH during a period beginning on or around October 2019 through or around December 2019.

3.8     Plaintiffs, Geoffrey, Shana, Xander, and Xariah Lundwall ("Lundwall Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around October 1, 2019 through or around December 2019. Prior to living at one of the subject properties listed above, the Lundwall Family also lived at another subject property owned and operated by Lewis McChord and LMH during a period beginning on or around March 2018 through or around October 2018.

**COMPLAINT FOR DAMAGES** – 20

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

3.9     Plaintiffs, Colby, Danielle, and Colson Orr ("Orr Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around June 11, 2018 through or around February 2, 2019. Prior to living at one of the subject properties listed above, the Orr Family also lived at another subject property owned and operated by Lewis McChord Communities and LMH during a period beginning on or around February 2, 2019 through or around August 22, 2019.

3.10    Plaintiffs, Julio and Rebekah Osorio ("Osorio Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around August 1, 2018 through or around March 2019. Prior to living at one of the subject properties listed above, the Osorio Family also lived at another subject property owned and operated by Lewis McChord Communities and LMH during a period beginning or around March 14, 2019 through or around December 2019.

3.11    Plaintiffs, Frances, Adora, and Matthias Paulino ("Paulinos") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around April 2016 through or around October 18, 2019.

3.12    Plaintiffs, Chantina, Pierre, Aiden, Tyler, Teagan, Ariah, and Christopher Powers ("Powers Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around December 7, 2018 through or around October 8, 2019.

3.13    Plaintiffs, Chelsea, Aurora, and Rourke Johnson ("Johnson Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning on or around February 18, 2018 through or around August 2019.

3.14    Plaintiffs, Vanessa, Keegan, and Kayleigh Strother ("Strother Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning or around January 2016 through or around August 2019.

**COMPLAINT FOR DAMAGES** – 21

3.15    Plaintiffs, Kelsey, Stetson, and Tobias White ("White Family") lived at and occupied one of the aforementioned subject properties as tenants during a period beginning or around October 1, 2017 through or around August 1, 2019.

3.16    In 2002, JBLM formed a partnership with Army and Equity Residential Property Management Corp or also known as Lincoln Development LLC. The partnership arose from the Army's Residential Communities Initiative, which privatized the government housing provided to military service member and their families. The partnership resulted in the conception of Defendant, Lewis McChord Communities.

3.17    Since 2002, Defendant, Lewis McChord Communities continues to "build new housing, renovate existing housing, build community centers, and provide neighborhood linkages."[1] Moreover, Defendant, Lincoln Military Housing "manages and operates the day-to-day functions of on-base family housing."[2]

3.18    Defendants, Lewis McChord Communities and Lincoln Military Housing are responsible for the housing of approximately 5,000 families, residing in 22 different housing areas throughout JBLM.[3]

3.19    Plaintiffs individually experienced all or most of the following symptoms: diarrhea, watery eyes, red or blood shot eyes, blurred vision, light sensitivity, fatigue, weakness, nasal congestion, sinus infections, shortness of breath, body aches, frequent or persistent headaches, mood swings, dizziness, static shock, impaired memory, trouble concentrating, extreme thirst, coughs, heightened skin sensitivity, tingling or pins and needles sensation, joint pain, stiffness, muscle cramps, trouble regulating body temperature, and frequent urination.

---

[1] Joint Base Lewis-McChord Housing, "Government Housing," https://installations.militaryonesource.mil/military-installation/joint-base-lewis-mcchord/housing/government-housing (last visited March 29, 2021).
[2] *Id.*
[3] *Id.*

**COMPLAINT FOR DAMAGES** – 22

3.20     Plaintiffs' collective and respective symptoms are consistent with hazardous exposure not only to microbial and mycological contaminations but also water and moisture intrusion.

3.21     The Andersen Family's residence exhibited water damage throughout the floors and inside the kitchen cabinet lower walls located below the sink and dishwasher. Though the level of airborne microbial contamination were low, the prevalent water damage and moisture intrusion indicated a hidden under the sink and other fixtures.

3.22     The Asbridge Family's residence demonstrated extensive excess moisture, water damage, and surface mycological contamination likely caused by unrepaired plumbing leaks. Further, rodent nests were found under the master bathtub and likely exacerbated damages originally arising from the plumbing leaks. Excess moisture intrusion from faulty plumbing and nesting rodents resulted in significant microbial growth.

3.23     On December 10, 2018, The Baskin Family's residence Defendant, LMH conducted an annual home inspection of the Baskin Family residence. The note for the inspection simply states, "complete." However, in the months leading to December 2018, the Baskin family noted and requested repairs for several different types of maintenance repairs. In particular, the Baskin Family made several different requests for repairs related to plumbing and flooding throughout their residency in 2018. Accordingly and unsurprisingly, on January 13, 2019, the Baskin Family submitted another workorder related to flooding. Subsequently, the Baskin Family began making consistently periodic requests for inspection and cleaning of the air ducts. The Baskin Family specifically noted an odor emanating throughout the household. On at least seven occasions between January 13, 2019 to February 25, 2019, the Baskin Family complained of odor and concern about mycological contamination, and on each occasion, LMH maintenance staff noted examination of air ducts. On February 25, 2019, however, LMH sent the Baskin Family a letter discussing inspection for moisture and mycological contamination, despite work order

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1    notes indicating otherwise. Then, on August 6, 2019, LMH sent the Baskin Family and other LMH

2    residents a letter regarding the prevalence of microbial and mycological contaminations in LMH housing

3    units. Though the letter stated that LMH treated such matters as an emergency and "responded quickly

4    and remediated every reported incidence," the Baskin Family experience explicitly demonstrates the

5    contrary.

6    3.24    In the Fletcher Family residence, mycological contamination and moisture intrusion were

7    widespread. Water damage and mycological contamination were present in the master bedroom, master

8    bathroom, back bedroom, front bathroom, and hallway floors outside of the water heater closet.

9    Additionally, the residence was infiltrated by high levels of airborne microbial spores, particularly in

10   the master bedroom.

11   3.25    Similarly, the Godoy Family residence was significantly infested with water damage and

12   mycological contamination. Prolonged plumbing leakage and lack of remediation produced and further

13   exacerbated the issues of water and moisture intrusion. Airborne microbial spores were significant

14   throughout the Godoy Family residence. Specifically, mycological contamination was present at high

15   levels in the back bedroom and throughout other locations in the residential unit.

16   3.26    At all times material hereto and mentioned herein, the conduct and omissions of Defendants,

17   Lewis McChord Communities and LMH resulted in Plaintiffs becoming sick from the uninhabitable or

18   untenantable subject properties.

19   3.27    At all times material hereto and mentioned herein, Plaintiffs were unaware of their respective

20   residences infestation of microbial and mycological contaminations and did know of the dangers,

21   hazards, or risks involved in living, residing, or otherwise being in their homes.

22

23

24

**PARK CHENAUR & ASSOC., INC., P.S.**
                                        2505 S. 320th St., Suite #100
                                        Federal Way, Washington 98003
                                        (253) 839-9440 – Fax (253) 839-9485

3.28    At all times material hereto and mentioned herein, Plaintiffs notified Defendants, Lewis McChord Communities and LMH when they detected foul odors or other indications of damage in their residences. The conditions complained of herein were not caused by any acts or omissions of Plaintiffs.

## IV.    CAUSES OF ACTION

4.1    Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully set forth herein.

4.2    At all times material hereto and mentioned herein, Defendants, Lewis McChord Communities and LMH engaged in the business of owning, leasing, renting, operating, providing, supervising, maintaining, managing, constructing, inspecting, and/or repairing the subject properties named in this complaint located at JBLM.

4.3    At all times material hereto and mentioned herein, Defendants, Lewis McChord Communities and LMH engaged in the aforementioned business before, during, and after Plaintiffs' tenancies.

4.4    At all times material hereto, Defendants owed a non-delegable duty of care to Plaintiffs under common law and pursuant the provisions of RCW 59.18, also known as the Residential Landlord-Tenant Act.

TRESPASS AND NUISANCE

4.5    Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully set forth herein.

4.6    Pursuant Restatement (Second) of Torts §§ 158 and 822, Defendants' failure to cure the microbial and mycological contaminations, at all times material hereto, constituted a continuing trespass and a nuisance. *See Bradley v. American Smelting and Refining Co.*, 104 Wn.2d 677, 693, 709 P.2d 782 (1985). Specifically, Defendants failed to remove the mycological contaminations in the subject property units despite Plaintiffs' repeated requests for remedial measures. *See Franklin v. Northshore*

*Utility Distr.*, 96 Wn.App. 118, 977 P.2d 1265 (1999) (quoting *Walton v. City of Bozeman*, 179 Mont. 351, 356, 588 P.2d 518, 521 (1978)) ("Assuming that a defendant has caused actual and substantial damage to a plaintiff's property, the trespass continues until the intruding substance is removed.")).

4.7    The subject property units' design and construction deficiencies and defects resulted in not only moisture intrusion and water damage but also in microbial and mycological contaminations. At all times material hereto and mentioned herein, such defects and consequential conditions constituted a nuisance under Restatement (Second) of Torts § 822. In particular, Plaintiffs were deprived of safely, healthily, and comfortably using the subject property units as their respective residences. Rather, the subject property units' conditions were injurious to Plaintiffs' health and welfare, which unreasonably interfered with Plaintiffs' peaceful use and quiet enjoyment of their residences.

4.8    At all times material hereto and mentioned herein, Plaintiffs were informed and believed Defendants created, maintained, exacerbated, and concealed the nuisance by their acts, conduct, failure to act, and/or omissions. Despite Plaintiffs' repeated complaints and remediation requests, Defendants did not take any reasonable steps necessary for abating the nuisance.

4.9    Defendants' failure directly resulted in an unreasonable interference with Plaintiffs' use and enjoyment of their respective residences. Pursuant Restatement (Second) of Torts § 822, Defendants' actions or lack thereof unreasonably invaded Plaintiffs' right to use and enjoy their residences. *Bradley*, 104 Wn.2d at 689 (holding that unreasonable interference of a plaintiff's use or enjoyment of property constitutes an actionable private nuisance claim).

4.10    As a proximate result of Defendants' maintenance of the nuisance, Plaintiffs suffered discomfort, frustration, and anguish.

4.11    As further proximate result of Defendants' actions or lack thereof, Plaintiffs suffered property damage and economic loss, including but not limited to the loss of their residences, personal property

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

(furnishings, clothing, bedding, and other household and everyday items), rental payments, alternative housing costs, moving costs, cleaning expenses, and income, including career opportunities as a service member of the United States military.

4.12    In maintaining the nuisance, Defendants acted or failed to act with full knowledge of the foreseeable consequences of not only moisture intrusion and water damage but also microbial and mycological contaminations. Despite their knowledge, Defendants failed to abate the nuisance through repairing deficiencies, correcting defects, and removing the dangerous conditions. Subsequently, Plaintiffs suffered physical injuries and still suffer from the serious damage to their health and destruction of their quality of life.

4.13    At all times material hereto and mentioned herein, Defendants' acts, conduct, failure to act, and/or omissions was the direct and proximate cause of the economic and noneconomic damages, which Plaintiffs suffered. Specifically, Plaintiffs suffered damage to their physical and mental health, such as distress to the respiratory system, mental anguish, conscious pain, and emotional distress. Plaintiffs' damages also included but are not limited to property loss, property damage, and lost income.

BREACH OF IMPLIED COVENANT OF QUIET USE AND ENJOYMENT

4.14    Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully set forth herein.

4.15    At all times material hereto and mentioned herein, Plaintiffs were entitled to the quiet use and enjoyment of the subject unit premises, which arises by implication in every lease unless expressly nullified in the lease agreement. Plaintiffs' lease agreements did not express any negation of this implied covenant.

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

4.16    At all times material hereto and mentioned herein, Defendants violated Plaintiffs' right to quiet use and enjoyment of the subject unit premises by failing take appropriate remedial measures against the microbial and mycological contaminations.

4.17    Upon information and belief, Defendants breached the implied covenant by failing to supply Plaintiffs with an appropriately safe and secure living environment. Specifically, Defendants failed to supply Plaintiffs with residences safe for human habitation and occupation. Rather, the subject property units, which Defendants rented to Plaintiffs, were unhealthy, unsafe, unhabitable, and untenantable.

4.18    At all times material hereto and mentioned herein, Defendants not only breached the implied covenant of quiet use and enjoyment but also worsened the breach by engaging in improper acts and omissions, including failing to remedy the subject property units' defective and dangerous conditions. Defendants also failed to provide timely and reasonably habitable alternative residences, which Plaintiffs could use and enjoy.

4.19    At all times material hereto and mentioned herein, Defendants' acts and omissions resulted in the breach of the covenant of implied quiet use and enjoyment to Plaintiffs. As such, Plaintiffs suffered damages to be proven at trial.

4.20    Plaintiffs are entitled to recover attorneys fees under the subject rental agreement entered into between the Plaintiffs and Defendants. Plaintiffs hired a law office to prosecute their claims and are entitled to attorneys fees and costs after trial in this matter.

<u>CONSTRUCTIVE EVICTION</u>

4.21    Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully set forth herein.

**COMPLAINT FOR DAMAGES** – 28

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

4.22    At all times material hereto and mentioned herein, Defendants and Plaintiffs held a landlord-tenant relationship, whereby Defendants owed a duty to maintain, control, and preserve the subject property units leased to Plaintiffs.

4.23    Defendants, however, failed to remedy excessive water and moisture intrusion and concurrent microbial and mycological contaminations pervading Plaintiffs' residence. Defendants' failure at all times material hereto and mentioned herein establish actionable constructive eviction. *Cherberg v. Peoples Nat'l Bank*, 88 Wn.2d 595, 600, 564 P.2d 1137 (1977) (citing *Washington Chocolate Co.* 28 Wn.2d 448, 183 P.2d 514 (1947)).

4.24    Defendants breached their duty by either willful refusal or omission to repair the conditions leading to the significant water and moisture intrusion and mycological contamination of the subject property units, which Defendant leased to Plaintiffs.

4.25    As direct and proximate cause of Defendants' acts and omissions, Plaintiffs suffered property damage and economic loss, including, but not limited to loss of their respective residences in the subject property units, personal property items (furnishings, clothing, beddings, and other household and everyday items), moving expenses, rental payments, alternative housing costs,, including but not limited to costs to relocate, cleaning expenses, and loss of income.

4.26    Further, Defendants acts and omissions at all times material hereto and mentioned herein directly and proximately caused Plaintiffs' physical injuries and mental anguish.

BREACH OF RENTAL AGREEMENT

4.27    Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully set forth herein.

4.28    Upon information and belief, Defendants, at all times material hereto and mentioned herein, were owners, landlords, and/or lessors of the subject property units.

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

4.29    Plaintiffs entered into a written rental agreement with Defendants. Under the terms of the rental agreement, Plaintiffs paid security deposits, rent, and other fees and costs.

4.30    The rental agreements identify Plaintiffs and expressly acknowledge that the subject property units are for residential use.

4.31    Plaintiffs monthly rental payments, and in exchange, Defendants explicitly agreed by rental agreement and implicitly agreed by warranty to rent habitable and tenantable premises in good repair, which complied with all Washington and local laws, including building codes. Defendants agreed by express agreement and implied warranty to provide premises that Plaintiffs could quietly use and enjoy, without exposure to any dangerous, hazardous, or unhealthy conditions that could result in adverse consequences, such as health problems to Plaintiffs and/or their guests, invitees, and licensees.

4.32    At all times material hereto and mentioned herein, Defendants made an implied covenant of quiet use and enjoyment to Plaintiffs when Defendants entered into a landlord-tenant relationship with Plaintiffs.

4.33    At all times material hereto and mentioned herein, Defendants rented the subject property units to plaintiffs and impliedly warrantied that the subject property units were safe to inhabit and be occupied by Plaintiffs. Specifically, Defendants impliedly warrantied that the subject property units would not expose Plaintiffs to harmful, dangerous, or hazardous materials.

4.34    At all times material hereto and mentioned herein, Defendants had a contractual and legal duty to provide Plaintiffs with residences absent harmful, dangerous, and/or hazardous airborne materials, such as microbial and/or mycological contaminations.

4.35    At all times material hereto and mentioned herein, Plaintiffs fully performed their obligations under the rental agreement, except those obligations excused by law as a result of the subject property units being unhabitable and untenantable.

**COMPLAINT FOR DAMAGES** – 30

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1   4.36     Defendants breached rental agreements with each of the Plaintiffs by failing to:

2       4.36.1  Maintain the subject property units in safe and good repair at all times material hereto and

3               mentioned herein;

4       4.36.2  Inspect, investigate, test, maintain, repair, and remediate the subject property units in a timely

5               manner so as to render it in compliance with all applicable laws, ordinances, codes, and

6               regulations regarding residential rental buildings and units; thereby allowing for dampness

7               of habitable rooms, excess moisture, water damage, moisture intrusion, and microbial

8               contaminations from the deficiencies and defects that Defendants failed to repair;

9       4.36.3  Provide a habitable and tenantable premises as impliedly warrantied under the terms of the

10              rental agreement and as mandated by Washington laws, codes, regulations, and other

11              applicable state and local provisions, policies, and guidelines on landlord duties for

12              maintaining habitable residences; and

13  By exposing Plaintiffs to harmful and dangerous levels of microbial and mycological contaminations.

14  As a result, Defendants denied Plaintiffs quiet use and enjoyment of their respective residencies in the

15  subject property units.

16  4.37     At all times material hereto and mentioned herein, Defendants also breached the rental

17  agreements with Plaintiffs and the implied warranties contained therein by failing to maintain the subject

18  property units in good repair and by refusing to make repairs in response to Plaintiffs' requests for repair.

19  4.38     At all times material hereto and mentioned herein, Defendants rented the subject property units

20  to Plaintiffs despite the subject property units being unfit for human occupation in that the units

21  substantially failed to comply with applicable building and housing code standards. The subject property

22  units' conditions materially affected the tenant's health and safety given the levels of water damage,

23  moisture intrusion, microbial contamination, and mycological contaminations within the interior living

24

**COMPLAINT FOR DAMAGES** – 31

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

spaces. Water intrusion in the subject property units arose from not only a combination of known design defects and construction deficiencies but also Defendants' improper, substandard, and incomplete maintenance, management, investigation, and response to the defective and deteriorated building components in the subject property units.

4.39    At all times material hereto and mentioned herein, Defendants improper and substandard maintenance and management, including but not limited to incomplete and improper investigations and attempts to repair the subject property units, caused and contributed to the microbial contaminations, which also caused and continues to cause personal injuries to Plaintiffs.

4.40    At the time Plaintiffs entered into their respective rental agreements, Defendants knowingly caused and permitted hazardous, unhealthy, and dangerous conditions to exist within the subject property units, including but not limited to 1) a lack of effective waterproofing and weather protection; 2) unhealthy levels of microbial and mycological contaminations; 3) water intrusion; and 4) all such other conditions as alleged in this Complaint.

4.41    At all times material hereto and mentioned herein, the subject property units were uninhabitable and unfit for human occupation. Moisture intrusion and water damage caused microbial and mycological contaminations and infestations in the subject property units, which rendered the residences unsafe for habitation and occupation. Accordingly, the subject property units' building components failed and caused health problems to Plaintiffs.

4.42    At all times material hereto and mentioned herein, Plaintiffs repeatedly notified Defendants of the defects, expressed concerns regarding the defects' continued state of disrepair, and requested Defendants make repairs to cure the defects. Defendants, however, failed to properly respond and investigate. Defendants' failure permitted the defects to subsist and degenerate.

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1  4.43    At all times material hereto and mentioned herein, Defendants' acts and omissions coupled with

2  the subject property units' defective design and deficient construction resulted in moisture intrusion,

3  water damage, microbial growth, and mycological contamination. Such conditions rendered the subject

4  property units uninhabitable. As such, the defective and dangerous subject property units had no rental

5  value whatsoever. Defendants failed to furnish Plaintiffs with habitable and tenantable residences, and

6  as a result, Plaintiffs did not receive what they bargained for under the rental agreement, which they

7  fully performed, including by monthly rental payment.

8  4.44    At all times material hereto and mentioned herein, Defendants' acts and omissions were the

9  direct and proximate cause of Plaintiffs' property damage and economic loss, including but not limited

10 to loss of use of the subject property units, personal property items (furnishings, clothing, beddings, and

11 other household and everyday items), moving expenses, rental payments, cleaning expenses, income,

12 incidental, out-of-pocket expenses, and alternative housing costs, including but not limited to costs for

13 relocating to a suitable alternative rental property, security deposit for an alternative rental property. In

14 addressing their respective housing crises arising from the microbial and mycological contaminations,

15 Plaintiffs expended out-of-pocket costs for travel, food, lodging, etc., and other economic damages.

16 4.45    At all times material hereto and mentioned herein, Defendants' acts and omissions directly and

17 proximately caused Plaintiffs damages and personal injury, including chronic and general damages.

18 Defendants breached the rental agreement and implied warranty of habitability. As a result of

19 Defendants' breach, Plaintiffs were and are subjected to continued distress arising from their respective

20 physical injuries and mental anguish. Plaintiffs' physical injuries damaged their health and destroyed

21 their quality of life in an amount not ascertainable at this time but to be proven at the time of trial.

22 Plaintiffs suffered the loss of quiet use and enjoyment of their residences and experienced and continue

23

24

**PARK CHENAUR & ASSOC., INC., P.S.**
                                                      2505 S. 320th St., Suite #100
                                                      Federal Way, Washington 98003
                                                      (253) 839-9440 – Fax (253) 839-9485

1    to experience natural distress and worry. Plaintiffs' injuries and general distress have caused health

2    problems and damages in an amount to be proven at trial.

3    4.46    At all times material hereto and mentioned herein, Defendants acts and omissions directly and

4    proximately caused Plaintiffs to sustain severe emotional distress and other injuries to their health and

5    vitality.

6    4.47    As a result of Defendants' breach of the rental agreement, including the implied warranty of

7    habitability, Plaintiffs are entitled to recover attorneys fees under the subject lease agreement entered

8    into by Defendants and Plaintiffs. Moreover, Plaintiffs hired a law office to prosecute their claims and

9    are entitled to attorneys fees and costs after trial in this matter.

10   BREACH OF IMPLIED WARRANTY OF HABITABILITY

11   4.48    Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully

12   set forth herein.

13   4.49    Under Washington law, a breach of implied warranty of habitability is a cause of action

14   independent of the Residential Landlord-Tenant Act. *Landis & Landis Const., LLC v. Nation*, 171

15   Wn.App. 157, 286 P.3d 979 (2012) (citing *Foisy v. Wyman*, 83 Wn.2d 22, 515 P.2d 160 (1972)).

16   Accordingly, Defendants owed Plaintiffs the common law right of an implied warranty of habitability.

17   4.50    Defendants, however, breached the implied warranty of habitability through their failure to cure

18   the excessive water and moisture intrusion mycological contaminations in part or whole of the subject

19   property locations.

20   4.51    At all times material hereto and mentioned herein, Defendants engaged in the business of

21   owning, leasing, renting, operating, providing, supervising, maintaining, managing, constructing,

22   inspecting, and/or repairing the subject property units before, during, and after Plaintiffs' tenancy.

23

24

**COMPLAINT FOR DAMAGES** – 34                    **PARK CHENAUR & ASSOC., INC., P.S.**
                                                  2505 S. 320th St., Suite #100
                                                  Federal Way, Washington 98003
                                                  (253) 839-9440 – Fax (253) 839-9485

4.52    Plaintiffs entered into a written rental agreement with Defendants. Under the terms of the rental agreement, Plaintiffs paid security deposits, rent, and other fees and costs.

4.53    The rental agreements identify Plaintiffs and expressly acknowledge that the subject property units are for residential use.

4.54    Defendants implied warrantied to Plaintiffs that the subject property units were habitable and occupiable.

4.55    Upon signature and in accordance with their respective rental agreements, Plaintiffs took possession of the subject property units at all times material hereto and mentioned herein. Upon taking possession, Plaintiffs continued to occupy the subject property units until Plaintiffs were forced to vacate their respective residences after discovering the substandard and defective conditions that consisted of moisture intrusion, water damage, microbial growth, and mycological contamination.

4.56    At all times material hereto and mentioned herein, Plaintiffs resided in the subject property units as tenants. The subject property units, however, were unfit for human residency and occupation. Rather, the subject property units substantially failed to comply with applicable building and housing codes and regulations regarding tenants' health and safety. Accordingly, the subject property units were untenantable and substandard. The culmination of such conditions with Defendants' failure to repair, maintain, and investigate defective and deteriorating building components caused and contributed to indoor air contamination, including microbial and mycological contamination and infestation. Such indoor air contamination caused serious personal injury to Plaintiffs.

4.57    At all times material hereto and mentioned herein, Plaintiffs took possession of the subject property units without knowing their residences were uninhabitable and unfit for human occupation due to design defects and construction deficiencies. Unbeknownst to Plaintiffs, the subject property units' building components failed or were failing, and Defendants' negligent, careless, and reckless

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

maintenance and repair contributed to the moisture intrusion and water damage, which caused the microbial and mycological contaminations.

4.58    At all times material hereto and mentioned herein, Plaintiffs suspected and expressed concerns to Defendants regarding the conditions of their respective residences. However, relying upon Defendants' representations, Plaintiffs remained unaware of the causes for their injuries and chronic health problems until approximately August 2019.

4.59    At all times material hereto and mentioned herein, Plaintiffs not only expressed concerns but also requested Defendants make repairs to the subject property units. However, Defendants failed to investigate and properly correct, repair, and/or remediate the uninhabitable, defective, and unacceptable conditions festering in the subject property units. Defendants' failure to timely and properly cure such conditions resulted in microbial and mycological contaminations in the subject property units.

4.60    At all times material hereto and mentioned herein, Plaintiffs timely paid Defendants the agreed upon rent, and Plaintiffs fully performed all promises, obligations, and/or duties under the rental agreement, except as excused by law as a result of the subject property units being unhabitable and untenantable.

4.61    At all times material hereto and mentioned herein, the subject property units were defective, uninhabitable, untenantable, and dangerous. The subject property units' unhealthy and unsafe conditions devalue the residences as such conditions caused Plaintiffs' health problems. The subject property units were uninhabitable and untenantable; thus, the subject property units had no rental value whatsoever.

4.62    Defendants respective and collective breach of implied warranty of habitability and failure to maintain, investigate, and repair the subject property units' defective and deficient conditions in a timely and proper manner directly and proximately resulted in Plaintiffs' damages and personal injuries, including chronic health problems and general damages in an amount to be proven at trial.

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1   4.63    Furthermore, Defendants' respective and collective breach of implied warranty of habitability

2   and failure to maintain the subject property units through repair of defective and dangerous conditions

3   in a timely and proper manner directly and proximately caused Plaintiffs to suffer property damages,

4   personal injury, and economic loss, including but not limited to loss or damage of personal property

5   items (furnishings, clothing, beddings, and other household and everyday items), moving expenses,

6   rental payments, cleaning expenses, income, incidental, out-of-pocket expenses, and alternative housing

7   costs, including but not limited to costs for relocating to a suitable alternative rental property, security

8   deposit for an alternative rental property. Such losses as well as other consequential and incidental

9   damages amount to a sum to be proven at trial.

10   4.64    As a direct and proximate result of Defendants' breach of the implied warranty of habitability,

11   Plaintiffs were seriously injured in their physical and mental health, which caused and continue to cause

12   Plaintiffs to suffer great physical pain and suffering, including mental stress, anxiety, and deterioration

13   of physical strength and activity.

14   4.65    Plaintiffs are entitled to recover for their respective physical injuries and continued health

15   complications and problems in an amount to be proven at trial. Similarly, Plaintiffs are entitled to recover

16   attorneys fees under the subject rental agreement entered into by Plaintiffs and Defendants. Plaintiffs

17   hired a law office to prosecute their claims and are entitled to attorneys fees and costs after trial for this

18   matter.

19   NEGLIGENT MISREPRESENTATION

20   4.66    Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully

21   set forth herein.

22   4.67    At all times material hereto and mentioned herein, Defendants owed Plaintiffs a duty to assure

23   that any affirmative representations about the subject property units be true.

24

**COMPLAINT FOR DAMAGES** – 37

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

4.68    At all times material hereto and mentioned herein, Defendants represented as true any and all important and material facts about the subject property units. Specifically, Defendants represented orally and/or in writing to Plaintiffs that the subject property units were safe for Plaintiffs to reside despite Defendants' knowledge that moisture intrusion, water damage, and microbial contamination infested the subject property units. Defendants presented the subject property units as safe and habitable residences to Plaintiffs notwithstanding the elevated levels of harmful indoor air, which posed a severe health and safety risk to Plaintiffs and any occupants of the subject property units.

4.69    Defendant DOES aided, abetted, and embraced Defendants Lewis McChord Communities and LMH's misrepresentations of material facts mentioned herein.

4.70    At all times material hereto and mentioned herein, Defendants' representations of material and important facts were not true. Namely, water damage, moisture intrusion, and microbial contaminations plagued the subject property units and rendered the indoor air harmful to Plaintiffs. When Plaintiffs reported concerns of the indoor air quality, Defendants, in particular Defendant DOES, affirmatively misrepresented their efforts to inspect and investigate Plaintiff's concerns about the indoor air quality. Further, Defendants, in particular Defendant DOES, affirmatively misrepresented to Plaintiffs that the subject property units were safe. Defendants, in particular Defendant DOES, however, did not have a reasonable basis for believing that the subject property units were safe. Alternatively, Defendants, in particular Defendant DOES, should have known those representations to be false and had no reasonable grounds for believing their representations to be true at the time made.

4.71    At all times material hereto and mentioned herein, Defendants made affirmative untrue representations to induce Plaintiffs not only rely upon Defendants but also to reassure Plaintiffs remain in the subject property units and monthly pay rent for their residences.

**COMPLAINT FOR DAMAGES** – 38

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1    4.72    At all times material hereto and mentioned herein, Plaintiffs reasonably and justifiably relied

2    upon Defendants' affirmative oral and written misrepresentations of material and important facts about

3    the subject property units.

4    4.73    As a direct and proximate cause of Defendants' affirmative representations and Plaintiffs'

5    reliance thereon, Plaintiffs, to their detriment, continued residing and occupying the subject property

6    units, which contained extensive water damage and mycological contaminations. The damage and

7    contamination posed a significant health and safety risk to Plaintiffs, but Plaintiffs reasonably and

8    justifiably believed Defendants' affirmative representations regarding water leaks, moisture intrusion,

9    microbial contamination, and mycological contamination from identified and/or unidentified sources.

10   Plaintiffs also reasonably and justifiably relied upon Defendants', in particular Defendant DOES,

11   affirmative representations efforts to inspect or investigate Plaintiffs' reported concerns and complaints

12   related to water damage, moisture intrusion, and microbial contamination.

13   4.74    At all times material hereto and mentioned herein, Defendants' affirmative oral and written

14   misrepresentations subjected Plaintiffs to suffer economic and noneconomic damages, such personal

15   injuries, mental anguish, and the costs and expenses related to such injuries.

16   RENT ABATEMENT

17   4.75    Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully

18   set forth herein.

19   4.76    Plaintiffs and Defendants entered into a written rental agreement.

20   4.77    The rental agreements identify Plaintiffs and expressly acknowledge that the subject property

21   units are for residential use.

22   4.78    Upon signature and in accordance with the rental agreements, Plaintiffs took possession of the

23   subject property units and at all times material hereto and mentioned herein fully performed all of their

24

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

respective obligations, promises, and/or duties under the rental agreement, except during months when nonpayment of rent was excusable by Defendants' respective and collective breach of warranty of habitability.

4.79    At all times material hereto and mentioned herein, Defendants knowingly caused and permitted substandard building, design, construction, maintenance, and repairs, as well as hazardous and unhealthy conditions, including moisture intrusion, microbial growth, and mycological contamination in the living spaces of the subject property units. Namely, Defendants' acts and omissions occurred at the time Plaintiffs entered into the rental agreement with Defendants and during Plaintiffs' tenancy of the subject property units.

4.80    At all times material hereto and mentioned herein, Defendants knew of the subject property units' defective and dangerous conditions and were aware that the subject property units were uninhabitable, unhealthy, unsafe, and untenantable.

4.81    At all times material hereto and mentioned herein, Defendants knew that the subject property units' conditions did not comply and were in violation of Washington and local laws, codes, regulations, guidelines, and all other applicable rules regarding residential habitability.

4.82    Defendants, however, disregarded their knowledge, rented the subject property units, then ignored Plaintiffs' repeated requests for repair. At all times material hereto and mentioned herein, Defendants failed to comply with Washington and local laws, codes, and regulations.

4.83    Due to the subject property units' defective and dangerous conditions mentioned herein and alleged in this Complaint, Plaintiffs resided in an unsafe, unhealthy, untenantable, uninhabitable, and substantially substandard environment. Defendants caused and allowed for such conditions by failing and refusing to repair the subject property units' defective and dangerous conditions. Such failure

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1    constitutes a breach of the warranty of habitability, and Defendants breach in this instance renders the

2    fair rental value of the subject property units $0.00 per month.

3    4.84    Each Plaintiff relocated residences due to the continued existence of the aforementioned

4    conditions. Such dangerous and defective conditions forced Plaintiffs to vacate the subject property

5    units.

6    4.85    At all times material hereto and mentioned herein, Plaintiffs resided in the subject property units

7    and monthly paid rent in full performance of their respective rental agreements with Defendants.

8    Plaintiffs' losses are to be proven at trial where the total fair rental values of the subject property units

9    were no more than $0.00 during Plaintiffs' time of residences. Accordingly, Plaintiffs suffered damages

10   in a sum to be proven at trial.

11   RESIDENTIAL LANDLORD-TENANT ACT

12   4.86    Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully

13   set forth herein.

14   4.87    Pursuant RCW 59.18.060(1), Defendants owed Plaintiffs a duty to maintain their respective

15   subject property units tenantable for human habitation and in compliance with any applicable code,

16   statute, ordinance, or regulation applicable to the maintenance or operation of housing or residential

17   facilities.

18   4.88    Pursuant RCW 59.18.060(2)-(9), Defendants owed Plaintiffs a duty to maintain electric

19   appliances, plumbing, and structural components, such as floors and walls. Defendants owed Plaintiffs

20   a duty to provide a reasonable program for the control of insect, rodent, or other pest infestations.

21   Moreover, Defendants owed Plaintiffs a duty to maintain all dwelling units in reasonably weathertight

22   condition.

23

24

**COMPLAINT FOR DAMAGES** – 41

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

4.89    Under the provisions of RCW 59.18, Washington State Department of Health guidance, and applicable building, plumbing, electrical, and housing Codes, Defendants, Lewis McChord Communities, LMH, and DOES 1-50 were required inspect and keep the rented subject properties in a condition fit for human habitation not only prior to renting the subject properties but also upon renting the subject properties. Defendants owed tenants, including Plaintiffs, the duty to maintain and repair all subsequent dilapidations that rendered the subject properties uninhabitable or untenantable.

4.90    At all times material hereto and referenced in this Complaint, Defendants owed Plaintiffs a duty to own, lease, rent, operate, provide, supervise, maintain, manage, construct, inspect, and repair the subject properties for safety, habitability, and hazard-free conditions, which would enable Plaintiffs quietly enjoy their residences.

4.91    At all times mentioned hereto and referenced in this Complaint, Defendants owed Plaintiffs a duty to preserve the subject properties through good repair, including repair of all deteriorations or injuries to the subject properties and its fixtures, components, systems, and/or structures to avoid intentional or reckless damage, destruction, demolition, or deterioration, particularly when the deterioration or injury arises from Defendants' lack of ordinary care.

4.92    At all times mentioned hereto and referenced in this Complaint, Defendants owed Plaintiffs a duty to exercise reasonable care to ensure that all dwelling spaces or areas of occupancy be safe from anything that would negatively affect tenants', including Plaintiffs', health, such as excess moisture, water damage, and/or microbial contamination.

4.93    At all times mentioned hereto and referenced in this Complaint, Defendants owed Plaintiffs a duty to repair, construct, demolish, remove, refurbish, remodel, restore, remediate, and clean the subject properties and its building materials for the safety and habitability of Plaintiffs' subject property residences.

**PARK CHENAUR & ASSOC., INC., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

4.94     At all times mentioned hereto and referenced in this Complaint, Defendants knew or should have known that the subject properties suffered from excess moisture, moisture damage, water damage, and microbial contamination, which rendered the subject properties substandard, uninhabitable, and untenantable as alleged herein.

4.95     At all times material hereto and referenced in this Complaint, Defendants owned, leased, rented, operated, managed, maintained, and repaired subject properties, and during this time, Defendants' actions and omissions caused subject properties to be uninhabitable, unfit, unhealthy, and unsafe for human occupation in the subject properties. The design and construction defects and deficiencies caused subject properties to accumulate excess moisture and water intrusion, which encroached upon the dwelling spaces of the subject properties. Defendants' indifference toward such design and construction failures resulted in the violation of RCW 59.18.060, applicable housing, plumbing, and building codes, Washington State Department of Health guidance, and other applicable Federal and State regulations on residential rental properties.

4.96     Defendants failed to exercise a duty of care owed to Plaintiffs and were accordingly negligent as the owners and lessors responsible for the maintenance, operation, repair, and supervision of the subject properties. Defendants' failure includes ignorance and inattention to the damages and deteriorations of subject properties and its components, systems, materials, structures, and fixtures therein.

4.97     Defendants breached their duty to Plaintiffs by their negligence and reckless disregard for the excessive moisture, dampness, and microbial contamination Plaintiffs were exposed to while living in the subject properties referenced in this Complaint. Such breach is the legal and proximate cause Plaintiffs' damages.

4.98     Further, Defendants breached their duty to Plaintiffs through their negligent and reckless indifference for Plaintiffs' safety and rights as tenants. Plaintiffs' safety and rights were disturbed and

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

violated by exposure to microbial growth and contamination, which caused injury to Plaintiffs. Defendants' actual or constructive knowledge of the subject properties' conditions, Defendants were negligent and by their negligence worsened the subject properties' conditions.

4.99    Defendants acts and omissions during all times material hereto and referenced in this Complaint, not only violated RCW 59.18.060, specifying Defendants' duties as landlord, but also violated other applicable provisions in RCW 59.18 in relation to constructive eviction, negligent misrepresentation, rent abatement, and breaches of the rental agreement, implied warranty of habitability, and implied covenant of quiet use and enjoyment of Plaintiff's residences.

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

4.100   Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully set forth herein.

4.101   Moreover, pursuant Restatement (Second) of Torts § 46, Plaintiffs are entitled remedy for Defendants' negligent infliction of emotional distress. Defendants' actions and omissions at all times material hereto and referenced in this Complaint caused Plaintiffs to suffer emotional distress, which under the circumstances were reasonable and manifested in objective symptoms.

NEGLIGENCE AGAINST CONTRACTORS WORKING ON PREMISES

4.102   Plaintiffs incorporate herein by reference each prior and subsequent allegation as though fully set forth herein.

4.103   Defendant DOES were contractors, subcontractors, designers, architects, engineers, remediation professionals, environmental investigation specialists, public and/or government agencies, and/or other persons and/or entities, or acting as agents, servants, and/or employees of their co-Defendants, who performed construction, remediation, restoration, demolition, removal, work, and/or services to inspect, investigate, test, repair, remediate, demolish, improve, and/or maintain the subject property units, and

PARK CHENAUR & ASSOC., INC., P.S.
2505 S. 320th St., Suite #100
Federal Way, Washington 98003
(253) 839-9440 – Fax (253) 839-9485

1  Defendant DOES acted within the course and scope of their agency, service, and employment in their

2  respective and collective acts and omissions on behalf of co-Defendants, including but not limited to the

3  named co-Defendants mentioned herein and alleged in this Complaint.

4  4.104  Upon information and belief, Defendant DOES improved, investigated, inspected, tested,

5  repaired, removed, demolished, maintained and/or attempted repairs, maintenance, or improvements to

6  the subject property units and its building components, including but not limited to ceilings, walls,

7  plumbing, water lines, fixtures, carpet/flooring, and other areas of the subject property units. At all times

8  material hereto and mentioned herein, Defendant DOES negligently failed to complete their work and/or

9  repair, test, evaluate, correct, remediate, reinstall, repair, remove, demolish, clean, decontaminate, and

10  warn Plaintiffs of the subject property units' dangerous and defective conditions.

11  4.105  At all times material hereto and mentioned herein, Plaintiffs and Defendants maintained a tenant-

12  landlord relationship, and Defendants owed Plaintiffs a duty of care to prevent harm or damage as a

13  result of Defendants' acts, omissions, and negligence.

14  4.106  At all times material hereto and mentioned herein, Defendants respectively and collectively

15  failed to complete their work and perform proper repairs; thereby Defendants allowed hidden dangers

16  of harmful and/or hazardous substances, including but not limited to microbial and mycological

17  contamination. Defendants failed to investigate, maintain, repair, remediate, clean, decontaminate,

18  remove, and act in a timely and proper manner, which would make the subject property units safe for

19  habitation. As a proximate cause of Defendants' negligence, Plaintiffs not only suffered injuries and

20  damages but also continue suffering from their injuries and economic and noneconomic losses and

21  damages, which amount to a sum to be proven at trial.

22                    **V.      LIMITED PHYSICIAN/PATIENT WAIVER**

23

24
**COMPLAINT FOR DAMAGES** – 45                    **PARK CHENAUR & ASSOC., INC., P.S.**
                                                  2505 S. 320th St., Suite #100
                                                  Federal Way, Washington 98003
                                                  (253) 839-9440 – Fax (253) 839-9485

5.1     Plaintiffs hereby waive their respective physician-patient privileges ONLY to the extent required by RCW 5.60.060, as limited by the Plaintiffs' constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in *ex parte* contact between a treating physician and a patient's legal adversaries.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

6.1     That Plaintiffs be awarded general and specific damages against each Defendant in an amount to be proven at trial for Defendants' individual and collective negligence, including past and future medical expenses and other heath care expenses; pain and suffering, both mental and physical; loss of enjoyment of life; past and future wage loss; other past and future special damages; and interest calculated at the maximum amount allowable by law, including prejudgment interest;

6.1.1   That Plaintiffs be awarded compensatory and treble damages pursuant to RCW 59.18.085;

6.1.2   For attorneys fees, costs, and disbursements;

6.1.3   For attorneys fees and costs pursuant to RCW 59.18 *et seq.*, including but not limited to RCW 59.18.085, RCW 59.18.115, and RCW 59.18.290;

6.1.4   For fees and costs related to Settlement Guardian ad Litem of any minor Plaintiffs;

6.1.5   For attorneys fees, costs, and disbursements of any minor settlements;

6.1.6   For any other and further relief as the Court deems just and equitable.

        DATED: May 6, 2021

                                        **PARK CHENAUR & ASSOCIATES**

                                        _____
                                        Sonny Nguyen, WSBA # 53084
                                        Attorney for Plaintiffs

**COMPLAINT FOR DAMAGES** – 46                **PARK CHENAUR & ASSOC., INC., P.S.**
                                        2505 S. 320th St., Suite #100
                                        Federal Way, Washington 98003
                                        (253) 839-9440 – Fax (253) 839-9485