UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLEE ANDERSEN, et al.,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>LEWIS MCCHORD COMMUNITIES LLC, a Delaware limited liability company; LINCOLN MILITARY HOUSING LEWIS MCCHORD PM LLC, a Delaware limited liability company,<br><br>　　　　　　Defendant. | CASE NO. 3:21-cv-05391-DGE<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion for Reconsideration of the Order Granting the Application for Matthew Poelstra to Appear *Pro Hac Vice*. (Dkt. No. 30.)

## II.   BACKGROUND

On July 15, 2021, Plaintiffs' counsel Matthew Poelstra submitted his Application for Leave to Appear *Pro Hac Vice* to the Court. (Dkt. No. 28.) The Court granted Mr. Poelstra's motion the same day. (Dkt. No. 29.) After meeting and conferring with Mr. Poelstra,

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 1

Defendants' filed the present motion, asking the Court to reconsider the Court's order, arguing that Mr. Poelstra failed to disclose in his application that he had previously been sanctioned by a trial court in California.  (Dkt. No. 30.)  On August 2, 2021, Plaintiffs' filed their opposition (Dkt. No. 33), and Defendants' filed their reply on August 5, 2021.  (Dkt. No. 34.)

### III.   DISCUSSION

It is well recognized that the district court has the power to deny or revoke an attorney's *pro hac vice* status, which is grounded within the court's inherent power "to control admission to its bar and to discipline attorneys who appear before it." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir. 2005).

In the Western District of Washington, Local Rule 83.1(d)(1) sets forth the criteria for appearing and participating in a particular case *pro hac vice*.  In relevant part, the applicant must set forth that "the applicant has not been disbarred or formally censured by a court of record or by a state bar association."  LCR 83.1(d)(1).  The Local Rules also dictate that "[a]n attorney may be subject to disciplinary action for any of the following: . . . (D) misrepresentation or concealment of a material fact made in . . . a pro hac vice [application]."  LCR 83.3(c)(3)(d).  The Court is afforded great discretion for discipline for such infractions.  LCR 83.3(c)(4).

Here, Mr. Poelstra omitted from his application that he had previously been sanctioned by a California trial court in April 2020.  (Dkt No. 29.)  In addition to this omission, Plaintiffs' Opposition spends 12 pages relitigating the merits of the decision by the California trial court rather than simply admitting that an omission had occurred.  Mr. Poelstra's arguments that he was "improperly sanctioned" (Dkt. No. 33 at 6) are immaterial to his application for appearing *pro hac vice*.  Mr. Poelstra was previously sanctioned by a court and he was required to disclose this in his application for appearing *pro hac vice*.  He failed to do so.

The Local Rules also dictate that such an omission makes Mr. Poelstra subject to the Court's discretion for the appropriate discipline.  LCR 83.3(c)(4).  While the Court recognizes that this appears to be the only time Mr. Poelstra has been sanctioned by a court, even a "single event of sanctions" (Dkt. No. 33 at 10) should be disclosed in an application for admission *pro hac vice*.

Absent other considerations, the Court would grant the motion.  However, the Court believes it is compelled to consider the potential effect on Plaintiffs who may be affected by Mr. Poelstra's removal.  Mr. Poelstra appears to be specialized in these types of cases, and the Court fears the potential for prejudice if Plaintiffs lose Mr. Poelstra's experience, especially considering that since this motion was filed, a number of attorneys have withdrawn their representation of Plaintiffs'.  (Dkt. Nos. 41 and 42).  In addition, had the prior sanction been identified at the time of the *pro hac vice* application, it is likely the Court would have nonetheless allowed Mr. Poelstra's appearance.

Considering Mr. Poelstra's omission, and the underlying sanctions, instead of denying his application to appear *pro hac vice*, the Court believes that this admonishment is sufficient.  Mr. Poelstra should understand that he violated the Court's Local Rules, and instead of relitigating the underlying sanction, it would have saved the Court's time by just admitting that a mistake was made.

For the avoidance of doubt, if Mr. Poelstra wishes to apply to appear in another matter in this District, his application must inform the court of the sanctions imposed by the California trial court and the admonishment discussed in this order.  The failure to do so may result in more formal sanctions.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION - 3

## IV.  CONCLUSION

Accordingly, and having considered Defendants' motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendants' Motion for Reconsideration of the Order Granting the Application for Matthew Poelstra to Appear *Pro Hac Vice* is DENIED.

Dated this 20th day of December 2021.

David G. Estudillo
United States District Judge