UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLEE ANDERSEN, et al.,

Plaintiffs,

v.

LEWIS MCCHORD COMMUNITIES LLC, a Delaware limited liability company; LINCOLN MILITARY HOUSING LEWIS MCCHORD PM LLC, a Delaware limited liability company,

Defendants.

CASE NO. 3:21-cv-05391-DGE

ORDER GRANTING IN PART DEFENDANTS' SECOND PARTIAL MOTION TO DISMISS

**I INTRODUCTION**

This matter comes before the Court on Defendants' Second Partial Motion to Dismiss for Failure to State a Claim. (Dkt. No. 48.) The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record and hereby GRANTS IN PART the Motion to Dismiss.

## II BACKGROUND

Plaintiffs are a group of individuals who resided at properties owned and operated by Defendants LMH Lewis-McChord, LLC, and LMH Lewis-McChord PM, LLC (collectively, "Defendants") on Joint Base Lewis McChord ("JBLM"). (Dkt. No. 24 at 3–18.) Plaintiffs allege that throughout their time as tenants at the properties, they experienced a range of issues, including leaks, water damage, moisture intrusion, and other effects of dilapidation and disrepair. (*Id*. at 20–31.) Plaintiffs allege that exposure to these varying degrees of disrepair caused them to suffer a variety of negative health impacts, including upper respiratory infections, skin rashes, headaches, and seizures. (*Id*.) Plaintiffs also allege the poor housing conditions exacerbated preexisting health conditions, such as asthma and issues related to pregnancy. (*Id*.)

Plaintiffs filed this action in Pierce County Superior Court on May 6, 2021 and Defendants removed the action to federal court. (Dkt. No. 8 at 4.) Plaintiffs filed their Amended Complaint ("FAC") on June 21, 2021. (Dkt. No. 24.) Plaintiffs bring the following claims against Defendants: 1) trespass and nuisance, 2) breach of the implied covenant of quiet use and enjoyment ("implied covenant"), 3) constructive eviction, 4) breach of the rental agreement, 5) breach of the implied warranty of habitability, 6) negligent misrepresentation, 7) rent abatement, 8) breach of the duty of care in the Residential Landlord-Tenant Act ("RLTA"), and 9) negligent infliction of emotional distress ("NIED"). (Dkt. No. 24 at 32–53.)

On March 24, 2022, the Court issued its Order on Defendants' First Motion to Dismiss. (Dkt. No. 46.) As the events of this action took place on JBLM, a federal enclave, the Court's Order determined what law was appropriate to evaluate each of Plaintiffs' claims. The Order stated that Plaintiffs' claims for trespass and nuisance, breach of the implied warranty of habitability, negligent misrepresentation, and NIED claims could be brought under modern

Washington state law through 28 U.S.C. § 5001, an exception to the federal enclave doctrine. (*Id*. at 11–14.) The Order also stated that Plaintiffs' implied covenant, constructive eviction, and breach of the rental agreement claims could be brought under "federalized law", or Washington state law in place when JBLM became a federal enclave. (*Id*. at 9–10.) The Order dismissed Plaintiffs' RLTA and rent abatement claims. (*Id*. at 14.)

Defendants now move to dismiss Plaintiffs' claims for trespass and nuisance, breach of the implied covenant of quiet use and enjoyment, breach of the rental agreement, breach of implied warranty of habitability, and negligent misrepresentation claims. (Dkt. No. 48 at 2.)

## III DISCUSSION

### A. Legal Standard for Motions to Dismiss

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

**B. Plaintiffs Allege a Negligent Nuisance Claim, Not an Intentional Trespass Claim**

Defendants move to dismiss Plaintiffs' trespass and nuisance claims arguing that the "[C]ourt should dismiss both causes of action for failure to state a claim . . . because they are based upon the same set of facts as the alleged negligence causes of action." (Dkt. No. 48 at 9.) In support of this argument, Defendants cite *Atherton Condo. Apartment-Owners Ass'n Bd. of Directors v. Blume Dev. Co.*, 799 P.2d 250, 254 (Wash. 1990), for the proposition that "a 'negligence claim presented in the garb of nuisance' need not be considered apart from the negligence claim." (*Id*. at 9–10.)

Plaintiffs argue that the facts of the trespass and nuisance claims are distinct. (Dkt. No. 50 at 4–5.) Plaintiffs argue that they have not alleged a negligence claim and therefore the trespass and nuisance claims cannot merge into a single claim of negligence. (*Id*.) Plaintiffs cite *Bradley v. Am. Smelting and Refin. Co.*, 709 P.2d 782 (Wash. 1985) for the proposition that trespass and nuisance claims can be brought concurrently when the elements of both actions are present. (*Id*. at 4.)

1. Plaintiffs Do Not State a Claim for Intentional Trespass

A claim for trespass is viable "when there is an intentional or negligent intrusion onto or into the property of another." *Borden v. City of Olympia*, 53 P.3d 1020, 1027 (Wash. Ct. App. 2002) (quoting *Mielke v. Yellowstone Pipeline Co.*, 870 P.2d 1005, 1006 (Wash. Ct. App. 1994). Intentional trespass requires conduct "committed intentionally . . . with the knowledge and reasonably foreseeability that the act would disturb the plaintiffs' possession[.]" *Bradley*, 709 P.2d at 791. Negligent trespass "requires [only] proof of negligence (duty, breach, injury, and proximate cause)." *Pruitt v. Douglas Cnty.*, 66 P.3d 1111, 1115 (Wash. Ct. App. 2003).

"[C]laims for [negligent] trespass and negligence arising from a single set of facts [are treated] as a single negligence claim." *Id.*

Plaintiffs cite to "Restatement of Torts Sections 158" as support for their trespass claim. (Dkt. No. 24 at 32.) Section 158 covers intentional trespass. The FAC, however, does not allege intentional conduct. Plaintiffs do not assert Defendants *intentionally* caused water intrusion or *intentionally* caused "microbial and mycological contaminations" in the rental units. At most, Plaintiffs allege Defendants failed to confront the problems affecting the rental units. (*See* Dkt. No. 24 at 32) ("Defendants' failure to cure the microbial and mycological contaminations, at all times material hereto, constituted a continuing trespass and a nuisance.").

Plaintiffs' reliance on *Bradley* as support for maintaining a separate trespass claim is deficient because *Bradley* involved an intentional trespass claim. *Bradley*, 709 P.2d at 791 (answering the question, "[i]f a cause of action for intentional trespass is recognized in Washington, what are the appropriate limitations?").

Thus, absent allegations of intentional conduct, Plaintiffs' intentional trespass claim is not actionable and should be DISMISSED.[1]

2. Plaintiffs' Nuisance Claim is a Negligence Claim

A nuisance is "an unreasonable interference with another's use and enjoyment of property." *Hurley v. Port Blakely Tree Farms L.P.*, 332 P.3d 469, 477 (Wash. Ct. App. 2014) (citations omitted). It encompasses "unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, offends decency . . . or in any way renders other persons insecure in life, or in the use of

[1] To the extent Plaintiff seeks leave to assert a negligent trespass claim, for all intents and purposes, it would be treated as a negligence claim. *Pruitt*, 66 P.3d at 1115.

property." Wash. Rev. Code § 7.48.120. "Nuisance can be based on intentional, reckless, or negligent conduct." *Hurley*, 332 P.3d at 477. "In those situations where the alleged nuisance is the result of the defendant's alleged negligent conduct, rules of negligence are applied." *Atherton*, 799 P.2d at 263.

As discussed above, there are no allegations in the FAC of intentional conduct on behalf of Defendants. Nor does it appear to allege reckless conduct. Instead, the FAC alleges that "Defendants owed a duty to maintain, control, and preserve the subject property units leased to Plaintiffs" (*id*. at 36); that Defendants failed to remove the mycological contaminations in the subject property units despite Plaintiffs' repeated requests for remedial measures" (*id*. at 33); and that "[d]espite Plaintiffs' repeated complaints and remediation requests, Defendants did not take reasonable steps necessary for abating the nuisance." (*Id*.) Thus, Plaintiffs' nuisance claim, for all intents and purposes, is treated as a negligence claim. *Pruitt*, 66 P.3d at 1115.

Defendants argue Plaintiffs' nuisance claim should be dismissed because it is duplicative of Plaintiffs' remaining claims sounding in negligence. (Dkt. No. 48 at 10–11.) But *Atherton* holds that a nuisance claim based on the same conduct as a negligence claim cannot survive dismissal if the negligence claim is dismissed. 799 P.2d at 263. It does not suggest that a nuisance claim should be dismissed as duplicative without a stand-alone negligence claim based on the same negligent conduct. In other words, because Plaintiffs do not formally assert a negligence cause of action, the nuisance claim based on negligence is not duplicative and there is no basis to dismiss the nuisance claim at this time.[2]

[2] Should this matter proceed to trial, the Court ultimately will identify the appropriate jury instructions applicable to Plaintiffs' nuisance claim based on negligence. Presumably, if Plaintiffs were to assert a standalone negligence claim, the nuisance claim would be dismissed as duplicative.

Accordingly, Defendants' Motion to Dismiss is DENIED as to Plaintiffs' nuisance claim.

**C. Plaintiffs Have Adequately Alleged a Breach of the Rental Agreement**

Defendants move to dismiss Plaintiffs' "Breach of Rental Agreement" claim, which the Court construes as breach of contract claim, contending that "Plaintiffs' allegations fail to state a claim for breach of contract to the extent the alleged breach consists of a violation of state or local law" and that Defendants "did not contract with Plaintiffs to provide residences free from 'airborne materials, such as microbial and/or mycological contamination.'" (Dkt. No. 48 at 14–15.)

The FAC alleges that Defendants were in contract with Plaintiffs to lease the residential units and that Defendants breached that contract by failing to:

> (1) Maintain the subject property units in safe and good repair at all times material hereto and mentioned herein; (2) inspect, investigate, test, maintain, repair, and remediate the subject property units in a timely manner so as to render it in compliance with all applicable laws, ordinances, codes, and regulations regarding residential rental buildings and units; thereby allowing for dampness of habitable rooms, excess moisture, water damage, moisture intrusion, and microbial contaminations from the deficiencies and defects that Defendants failed to repair; (3) provide a habitable and tenantable premises as impliedly warrantied under the terms of the rental agreement and as mandated by Washington laws, codes, regulations, and other applicable state and local provisions, policies, and guidelines on landlord duties for maintaining habitable residences; and (4) by exposing Plaintiffs to harmful and dangerous levels of microbial and mycological contaminations.

(Dkt. No. 24 at 39.)

In their Response, Plaintiffs point to two sections of the rental agreements signed by the parties. (Dkt. No. 50 at 12.) The first states that "Lessor shall provide Sponsor with the Residence listed above, located at Lewis McChord Communities LLC, *in a condition that is decent and suitable for occupancy*, as more fully described in the Resident Handbook, Community Policies and Terms and Conditions (the "Handbook"), attached as an addendum to

this Agreement." (Dkt. No. 32–1 at 2) (emphasis added). Plaintiffs also point to a separate paragraph concerning disclosures related to mold and Washington Revised Code § 59.18.060. (*Id*. at 5.)

Plaintiffs need not allege breach of contract based on an alleged violation of state or local law. Although the FAC could be clearer, Plaintiffs allege that Defendants breached the rental agreement when they failed to provide habitable residential units. (*Id*. at 40–41.) Plaintiffs need not allege a specific state or local law that was violated to prove the units provided were not in condition decent and suitable for occupancy. The FAC lists many conditions found in the leased units that a jury might find make a unit unsuitable for occupancy and therefore in breach of the rental agreements.

Defendants' argument that they did not "contract with Plaintiffs to provide residences free from 'airborne materials, such as microbial and/or mycological contamination'" (Dkt. No. 48 at 15), and the disclosure of such contaminations prevents any claim of breach of contract is unpersuasive. The Court agrees that the rental agreements do not require Defendants to provide units free of mold or mycological contamination, but they do require Plaintiffs to provide units that are decent and suitable for occupancy. (Dkt. No. 32–1 at 2.) The apparent disclosure of the potential health problems related to mold exposure does not relieve Defendants of this promise. Presumably, landlords could supply rental units containing low levels of mold and the units would still be decent and suitable for occupancy. But Plaintiffs here allege that the microbial and mycological contamination was so prevalent that it made the units unsuitable for occupancy. If proven true, Defendants' failure to provide units suitable for occupancy would breach the rental agreements. That is enough at this stage for the Court to find a claim for breach of

contract. Therefore, Defendants' Motion to Dismiss is DENIED as to Plaintiffs' breach of the rental agreement claim.[3]

### D. Plaintiffs Have Adequately Alleged a Breach of the Covenant of Quiet Use and Enjoyment

Defendants move to dismiss Plaintiffs' breach of the covenant of quiet use and enjoyment claim contending that they cannot be liable because Plaintiffs "were informed in advance of the tenancies that the residences may be affected by mold, mildew, and excess moisture" and that Plaintiffs "do not identify any applicable law, rule, regulation or guideline that prohibits such conditions from existing in residential dwellings." (Dkt. No. 48 at 13.)

As these are nearly identical to the Defendants' arguments in response to Plaintiffs' breach of contract claim discussed above, they fail for similar reasons. Defendants have put forth no authority requiring a plaintiff bringing an implied covenant claim to state specific statutes and regulations violated by the conduct giving rise the claim. Nor have Defendants put forth any authority explaining how, by Defendants signing the rental agreements containing a disclosure of the possibility of mold that they waived any right to bring an implied covenant claim. Therefore, Defendants' Motion to Dismiss is DENIED as to Plaintiffs' claim for breach of the covenant of quiet use and enjoyment.

### E. Plaintiffs Have Adequately Alleged a Breach of the Implied Warranty of Habitability

In Washington, "in all contracts for the renting of premises, oral or written, there is an implied warranty of habitability." *Foisy v. Wyman*, 515 P.2d 160, 164 (Wash. 1973). The

---

[3] The Court's previous Order made clear that the breach of the implied use of quiet use and enjoyment, breach of contract, and constructive eviction claims would be evaluated under "federalized law", or Washington state law in place when JBLM became a federal enclave. (Dkt. No. 46 at 9–10.) Neither Party raised this issue in the briefing. Both parties are expected to address the issue in future briefing on these claims.

Washington Supreme Court has not delineated a clear test for what constitutes a violation of the implied warranty of habitability. *Atherton*, 799 P.2d at 519. Instead, such decisions are made case-by-case. *Id.* Whether the implied warranty of habitability applies to a particular defect generally presents a question for the trier of fact. *Burbo v. Harley C. Douglass, Inc.*, 106 P.3d 258, 264 (Wash. Ct. App. 2005) (noting that the question is "frequently so highly fact-dependent that it is essentially a question of fact to be determined by the jury with careful instructions by the court.").

Defendants argue that the FAC is "impermissibly vague" because it "does not identify any specific codes and regulations" that Defendants violated. (Dkt. No. 48 at 16.) But Defendants fail to cite any authority requiring a plaintiff to state specific statutes or codes to support a claim for breach of the implied warranty of habitability. Indeed, although building code violations support a showing that a dwelling is uninhabitable, they are not necessary to prove uninhabitability. *Westlake View Condo. Ass'n v. Sixth Ave. View Partners, LLC*, 193 P.3d 161, 167 (Wash. Ct. App. 2008).

The FAC alleges "Defendants breached the implied warranty of habitability through their failure to cure the excessive water and moisture intrusion mycological contaminations in part or whole of the subject property locations." (Dkt. No. 24 at 42.) The FAC also alleges that because of this, "[t]he subject property units . . . were unfit for human residency and occupation." (*Id*. at 43.) Plaintiffs' allegations taken as true, adequately allege a breach of the implied warranty of habitability. Furthermore, as habitability claims are highly fact specific, such arguments are best left for summary judgment.

Therefore, Defendants' Motion to Dismiss is DENIED as to Plaintiffs' breach of the implied warranty of habitability claim.

**F. Plaintiffs' Negligent Misrepresentation Claims Fails to Comply with Rule 9(b)**

In Washington, a plaintiff alleging negligent misrepresentation must prove the elements by clear, cogent, and convincing evidence. *Ross v. Kirner*, 172 P.3d 701, 704 (Wash. 2007). The elements are:

> (1) the defendant supplied information for the guidance of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in his business transactions, (3) the defendant was negligent in obtaining or communicating the false information, (4) the plaintiff relied on the false information, (5) the plaintiff's reliance was reasonable, and (6) the false information proximately caused the plaintiff damages.

*Id.* "An omission alone cannot constitute negligent misrepresentation, since the plaintiff must justifiably rely on a misrepresentation." *Id.*

A complaint containing a claim for negligent misrepresentation based on fraudulent conduct requires compliance with Federal Rule of Civil Procedure 9(b). *See Velicer v. Falconhead Cap., LLC*, 2020 WL 1182962, at *7 (W.D. Wash. Mar. 11, 2020). Federal Rule of Civil Procedure 9(b) requires specificity, "including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Snyder v. STX Techs., Ltd.*, 2021 WL 228899, at *3 (W.D. Wash. Jan. 22, 2021) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).

Defendants argue that the FAC does not meet the requirements of 9(b) because it "does not include sufficiently detailed and specific allegations and fails to set forth allegations to explain why any statements or information conveyed to them was false or induced reliance." (Dkt. No. 48 at 16–19.) Defendants also allege that Plaintiffs have not adequately pled reliance, one of the elements of a negligent misrepresentation claim. (*Id.* at 18.) Plaintiffs argue that "Defendants made affirmative misrepresentations as alleged by Plaintiffs, and also failed to disclose the basic and material facts that the units leased by Plaintiffs had existing moisture

intrusion and were infested with microbial and mycological contaminations." (Dkt. No. 50 at 15.)

Plaintiffs agree that negligent misrepresentation claims must comply with the heightened pleading standard of Federal Rule of Civil Procedure 9(b). (*Id.*) The FAC does not comply with Federal Rule of Civil Procedure 9(b) as it does not state any specific affirmative misrepresentations made by Plaintiffs about the rental units. Plaintiffs appear to concede this point as their Response also fails to point to any allegations in the FAC that would comply with Federal Rule of Civil Procedure 9(b)'s specificity requirements. (*Id*. at 13–15.) Therefore, Plaintiffs' negligent misrepresentation claim is DISMISSED without prejudice.

## IV     CONCLUSION

Accordingly, and having considered Defendants' motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendants' Second Partial Motion to Dismiss (Dkt. No. 48) is GRANTED IN PART.

1. Plaintiffs' trespass and negligent misrepresentation claims are DISMISSED WITHOUT PREJUDICE.

Dated this 28th day of July 2022.

David G. Estudillo
United States District Judge