The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Kylee Andersen, et al.;<br><br>                    Plaintiffs,<br><br>         v.<br><br>Lewis McChord Communities LLC, a<br>Delaware limited liability company et al.,<br><br>                    Defendants. | Case No. 3:21-cv-05391-DGE<br><br>**JOINT STATUS REPORT AND<br>DISCOVERY PLAN** |

Plaintiffs Kylee Andersen, Michael Andersen, O.A., Jessica Asbridge, Kevin Asbridge, K.A., L.A., Bryce Baskin, Faith Baskin, Crystal Cooper, T.C., Amber Fletcher, N.F., O.F., A.F., Edward Godoy, Melissa Godoy, Z.G., R.G., Katie Keeley, Michael Keeley, D.K., A.K., Geoffrey Lundwall, Shana Lundwall, X.L., X.L., Colby Orr, Danielle Orr, C.O., Julio Osorio, Rebekah Osorio, Frances Paulino, A.P., M.P., Alexandra Pitts, Durieu Pitts, A.P., Chantina Powers, Pierre Powers, A.P., T.P., T.P., A.P., C.P., Chelsea Johnson, A.J., R.J., Vanessa Strother, K.S., K.S., Kelsey White, S.W., T.W. ("Plaintiffs") and Defendants LMH Lewis-McChord, LLC and LMH

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 1

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

Lewis-McChord PM LLC ("Defendants")[1] hereby submit this Joint Status Report and Discovery Plan pursuant to the Court's Docket Notice entered on August 30, 2022.

1. **Statement of the Nature and Complexity of the Case.**

This is a tort action filed on behalf of fifty-eight individuals (thirty adults and twenty-eight minors) who seek damages arising from their alleged exposure to mold, mildew and excess moisture while residing in rental housing located at Joint Base Lewis-McChord ("JBLM"). Plaintiffs have since vacated the properties. There are sixteen properties at issue. The properties are part of a privatized government housing development available to military service members and their families assigned to JBLM. Defendants Lewis McChord Communities, LLC and LMH Lewis-McChord, LLC operate and manage the housing development. The housing development was the product of a contract between the United States Government and Lewis-McChord Communities, LLC.[2]

The First Amended Complaint asserted nine causes of action. The Court dismissed Plaintiffs' claims for violation of the Residential Landlord Tenant Act, rent abatement, trespass, and negligent misrepresentation claims. Dkt. 46 and 53. The remaining causes of action are (1) nuisance; (2) breach of implied covenant of quiet use and enjoyment; (3) constructive eviction; (4) breach of rental agreement; (5) breach of implied warranty of habitability; and (6) negligent infliction of emotional distress. Defendants have answered and asserted affirmative defenses.

2. **Proposed Deadline for Joining Additional Parties.**

The parties propose a deadline of forty-five days following entry of a Case Management Order for joining additional parties.

---

[1] Plaintiffs incorrectly named Defendants as "Lewis McChord Communities LLC" and Lincoln Military Housing Lewis McChord PM LLC" in their Complaint.
[2] *See* FAC, ¶ 3.17.

JOINT STATUS REPORT AND DISCOVERY PLAN　　　　　　　　　　BEVERIDGE & DIAMOND, P.C.
(Case No. 3:21-cv-05391-DGE) - 2　　　　　　　　　　　　　　　　600 University Street, Suite 1601
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(206) 315-4800

**3.     Consent to Proceeding Before Magistrate Judge.**  The parties do not agree to assign the case to a Magistrate Judge.

**4.     Proposed Discovery Plan (Fed. R. Civ. P. 26(f)(3)).**

The parties' discovery plan, incorporating the parties' views and proposals on all items in Fed. R. Civ. R. 26(f)(3), is below.

**A.     Initial Disclosures.**

The FRCP 26(f) conference occurred on June 8, 2021.  The parties agree to exchange initial disclosures by no later than ninety (90) days after issuance of a Case Management Order.

**B.     Subjects, Timing, and Potential Phasing of Discovery.**

The parties intend to conduct discovery focused on the allegations in Plaintiffs' First Amended Complaint, including FRCP 33, FRCP 34 and FRCP 36 discovery, depositions, and FRCP 35 examinations.  The parties' proposal regarding the timing of discovery is set forth in Section 6 below.  The parties do not believe discovery should be conducted in phases or be limited to or focused on a particular issue, other than the timelines for fact and expert discovery discussed below.

Defendants anticipate seeking depositions from up to one hundred (100) witnesses, including Plaintiffs, Plaintiffs' FRCP 26(a)(2) expert witnesses, and non-party witnesses. Defendants will request that Plaintiffs stipulate to expand the number of depositions.  In the alternative, Defendants will seek leave of court.  Party and non-party depositions would be limited to a maximum of a single seven-hour day, unless extended by agreement of the parties or order of the Court.  Depositions of expert witnesses would be limited to up to twenty hours, unless extended further by agreement of the parties or order of the Court, and shall be conducted

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 3

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

over multiple consecutive days. The depositions of Plaintiffs' expert witnesses shall precede the depositions of defense experts on any expert topic.

### C. Electronically Stored Information ("ESI").

Defendants have drafted a proposed Electronically Stored Information Order based on the Model ESI Agreement and are in the process of conferring with Plaintiffs regarding potential revisions. The Parties anticipate that they will be ready to file a proposed order setting forth the protocols and parameters for document production soon.

### D. Privilege Issues.

Defendants have drafted a proposed Stipulated Protective Order based on the Model Stipulated Protective Order setting forth a protocol for handling confidential, proprietary or private information and are in the process of conferring with Plaintiffs regarding potential revisions. The parties anticipate that they will be ready to file a draft Stipulated Protective Order for the Court's review soon. The Stipulated Protective Order will require, *inter alia,* that the parties will redact documents that may be partially privileged; that each party must maintain a log of potentially Privileged Communications; that no party must include in its privilege log Privileged Communications between the party or the party's employees who are or may be within the scope of the attorney-client privilege or work product doctrine and the attorneys who represent the party in this litigation; and that the parties agree to a claw-back provision as contained in the Model ESI Agreement.

### E. Proposed Limitations on Discovery.

Due to the large number of Plaintiffs, the parties propose that parties be permitted up to one hundred depositions per side. Depositions of parties and non-party fact witnesses shall be limited to one day of seven hours, unless extended by agreement of the parties or order of the

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 4

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

Court. Expert witness depositions shall be limited to twenty hours, conducted over multiple, consecutive days, unless extended further by agreement of the parties or order of the Court. Additionally, Defendants request that all Plaintiffs whose mental or physical condition is in controversy to undergo FRCP 35 examinations. Plaintiffs do not agree that all parties will be subject to FRCP 35 and reserve the right to object.

The parties do not waive the right to seek leave to exceed the limits imposed by the Federal Rules of Civil Procedure and the Local Civil Rules if necessary as this case proceeds.

The parties agree to meet and confer further regarding methods to conduct FRCP 33, FRCP 34 and FRCP 36 written discovery to promote efficiency and minimize the risk of duplication. The parties agree that any issues regarding the numerical limits on interrogatories shall be resolved in accordance with the law applicable at the time the issue arises. The parties plan to meet and confer regarding an appropriate procedure conducting depositions of witnesses who are expected to testify regarding multiple plaintiffs or properties, and for conducting depositions remotely.

### F.    The Need for Any Discovery Related Orders.

The parties do not believe that any additional discovery related orders need be entered by the Court pursuant to FRCP 26(c) or Local Civil Rule 16(b) and (c). However, the parties are in the process of negotiating a Stipulated Protective Order to protect confidential or proprietary information produced in discovery, which may be submitted for the Court's approval at a later date. The parties also are negotiating the Model ESI Agreement and will submit it for the Court's approval at a later date. The parties may submit a process for resolving discovery disputes to the Court for approval at a later date.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 5

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

**5.     Views on Rules 26(f)(1) Items.**

The parties' views, proposals, and agreements on all items set forth in Local Civil Rules 26(f)(1) are as follows:

    **A.     Prompt Case Resolution.**

The parties have discussed, and continue to discuss, the possibility of a prompt resolution to the case.

    **B.     Alternative Dispute Resolution.**

The parties will discuss the possibility and advisability of participating in an early mediation and mediation after the close of discovery, but they have not reached a decision at this time.

    **C.     Related Cases.**

There are no related cases pending before this Court or in another jurisdiction as defined by LCR 3(g) and (h).  While other lawsuits have been filed related to the conditions of military housing, none of those actions presently involve "all" or "substantially the same parties."  *See* LCR 3(g) and (h).

    **D.     Discovery Management.**

Before any production of ESI, the parties agree to confer with each other regarding the nature and type of ESI to be produced, including the form of production and to do so promptly to ensure production of ESI within the time allowed under the Federal Rules of Civil Procedure and Local Rules.  The parties plan to adopt the Model ESI Agreement.  *See* also Section 4(C) above.

JOINT STATUS REPORT AND DISCOVERY PLAN  
(Case No. 3:21-cv-05391-DGE) - 6

BEVERIDGE & DIAMOND, P.C.  
600 University Street, Suite 1601  
Seattle, WA 98101  
(206) 315-4800

### E. Anticipated Discovery Sought.

<u>Plaintiffs</u>: Plaintiffs intend to conduct discovery to ascertain the identity and knowledge of all persons involved in, witness to, and persons with knowledge related to the incidents involving Plaintiffs, including:

i. Discovery concerning the liability of Defendants' for Plaintiffs' injuries.

ii. Discovery concerning Defendants' policies and procedures for maintenance of the properties, particularly as it relates to mold contamination.

iii. Discovery concerning Defendants' training and instruction provided to its employees and agents.

iv. Discovery concerning Defendants' hiring, training, and retention of its employees and agents as it relates to maintenance of the properties.

v. Discovery concerning other similar incidents at the properties owned and managed by Defendants.

vi. Discovery concerning Defendants' ownership, maintenance, control, or operation of the properties.

vii. Discovery concerning any other entities with whom Defendants contracted with and/or relied upon for maintenance or operation of the properties.

viii. Discovery concerning the policies and practices of any other entity with whom Defendants contracted with and/or relied upon for maintenance or operation of the properties.

ix. Discovery concerning Defendants' compliance with state and federal regulations.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 7

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

x.   Discovery concerning Defendants' protocols regarding handling and investigating complaints concerning habitability of its properties.

xi.   Discovery concerning the nature and extent of Plaintiffs' alleged damages;

xii.   Discovery concerning the cause of Plaintiffs' alleged damages.

Defendants:  Defendants expect to seek discovery regarding Plaintiffs' alleged injuries and damages, by way of non-party document subpoenas, FRCP 33, 34 and 36 discovery, FRCP 35 examinations, , and depositions of the plaintiffs, non-party fact witnesses and Plaintiffs' Rule 26(a)(2) expert witnesses.  Defendants also anticipate seeking discovery regarding any inspections of the subject properties conducted by third parties at the request or direction of Plaintiffs.

Defendants will request that Plaintiffs provide signed authorizations for release of records to be served along with non-party document subpoenas.  Defendants are concerned that many non-parties, such as academic institutions and health care providers, may not comply with subpoenas they believe require disclosure of private or otherwise protected information about Plaintiffs unless either Plaintiffs authorize the disclosure or the Court issues an order compelling disclosure.  Authorizations for the release of records, signed by Plaintiffs, to be included with the subpoenas, will alleviate any concerns of the subpoena recipients regarding the propriety of a responsive production.

**F.   Phasing Motions.**

The parties' proposal for the timing and sequence of discovery is set forth in Section 6 below.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 8

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

### G.     Preservation of Discoverable Information.

Defendants have taken steps to ensure that all documents that could be relevant to this litigation and that are in their possession, custody or control have been preserved and have not been, and will not be, lost or destroyed for the remainder of the litigation.  No further Court intervention is needed at this time.

### H.     Privilege Issues.

Please see entry for Section 4.D above, which is incorporated by reference.

### I.     Model Protocol for Discovery of ESI.

Please see entry for Section 4.C. above, which is incorporated by reference.

### J.     Alternatives to Model Protocol.

See Section 4.C. above, which is incorporated by reference.

### K.     Class Action Determination

This matter is not a class action and no determination under FRCP 23(c)(1) is required.

### 6.     Close of Discovery.

The parties propose the following discovery deadlines:

| Event | Deadline |
|---|---|
| Completion of Initial Disclosures; Start of Discovery | 90 days after entry of a Case Management Order |
| Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 45 days from the date of the entry of a Case Management Order. | 45 days after entry of a Case Management Order |

JOINT STATUS REPORT AND DISCOVERY PLAN  
(Case No. 3:21-cv-05391-DGE) - 9

BEVERIDGE & DIAMOND, P.C.  
600 University Street, Suite 1601  
Seattle, WA 98101  
(206) 315-4800

| | |
|---|---|
| Written discovery shall be served no later than 60 days before the date for completion of fact discovery. | 60 days before the date for completion of fact discovery (19 months after issuance of a Case Management Order) |
| All fact discovery shall be completed no later than 20 months after issuance of a Case Management Order. | No later than 20 months after issuance of a Case Management Order |
| Plaintiffs' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before 21 months after issuance of the Case Management Order. | No later than 21 months after issuance of a Case Management Order |
| Defendants' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made on or before 60 days after Plaintiffs' expert disclosures. | 60 days after Plaintiffs' expert disclosures |
| All expert discovery, including expert depositions, shall be completed no later than 24 months after issuance of a Case Management Order. | No later than 24 months after issuance of a Case Management Order |
| Daubert and Summary Judgment Motions – Opening Briefs: Date to be determined, 60 days before trial. | 60 days before trial |
| Daubert and Summary Judgment Motions – Response Briefs: Date to be determined, 30 days after filing of opening briefs. | 30 days after filing of Opening Briefs |
| Daubert and Summary Judgment Motions – Reply Briefs: Date to be determined, | 14 days after filing of Response Briefs |

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 10

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

| | |
|---|---|
| 14 days after filing of response briefs. | |
| Oral Argument on Summary Judgment Motions: Date to be determined. | TBD |
| Oral Argument on Daubert Motions: Date to be determined. | TBD |
| Motions in Limine – Opening Briefs: Date to be determined, 30 days before trial. | 30 days before trial |
| Trial: Date to be determined. | TBD |

**7.    Bifurcation.**

The parties agree bifurcation is not necessary.

**8.    Pretrial Statements and Pretrial Order.**

The parties do not believe the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 will be useful and should not be required.

**9.    ADR Options/Individualized Trial Program.**

The parties are open to utilizing the options made available through the Alternative Dispute Resolution Program as defined and discussed in LR 39.1.  The parties will continue to discuss potential ADR options, including mediation.  The parties agree that any ADR should be completed within 60 days after the close of discovery.  The parties do not intend to utilize the Individual Trial Program as set forth in Local Civil Rule 39.2.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 11

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

**10.     Suggestions for Shortening or Simplifying the Case.**

At present, the parties do not have any other suggestions for shortening or simplifying the case but intend to cooperate towards that end.  The parties have discussed the possibility of a bellwether trial process.  Plaintiffs will provide Defendants with a proposal, including a method by which to select bellwether cases.  If the parties cannot agree, Plaintiffs intend to file a motion with the Court requesting a bellwether trial process.

**11.     Trial Date.**

The parties believe the case will be ready for trial as of February 10, 2025.

**12.     Jury or Non-Jury Trial.**

Plaintiffs have requested a jury trial.

**13.     Trial Days.**

The parties are unable to provide a reliable estimate of the number of days that will be required for trial until trial structure, the number of issues and claims for trial, and related matters are resolved.

**14.     Trial Counsel.**

The names, addresses, and telephone numbers of all trial counsel are listed below as undersigned counsel.

**For Plaintiff:**

Matthew Poelstra,
**Green Bryant & French, LLP**
402 W. Broadway, Suite 1950
San Deigo, California 92101

Terry E. Lumsden
**Law Office of Terry E. Lumsden**
5800 Soundview Dr Ste C102
Gig Harbor, WA 98335

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 12

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

Son "Sonny" T. Nguyen
**Park Chenaur & Associates, Inc., P.S.**
2505 S. 320th St., Suite #100
Federal Way, Washington 98003

**For Defendants:**

Susan E. Smith
Beveridge & Diamond P.C.
456 Montgomery St., Ste. 1800
San Francisco, CA 94104-1271
T:  (415) 262-4023
E:  ssmith@bdlaw.com

Tracy Y. Williams
Beveridge & Diamond P.C.
600 University St., Ste. 601
Seattle, WA 98101
T:  (206) 315-4820
E:  twilliams@bdlaw.com

### 15. Trial Date Conflicts.

At this time, trial counsel are not aware of any dates that would pose complications regarding setting a trial date.

### 16. Service on Defendants.

Plaintiffs have effected service on Defendants.

### 17. Scheduling Conference.

The parties wish to hold a scheduling conference before the Court enters a scheduling order in this case.

### 18. Disclosure Statements.

The parties do not believe any change should be made in the time or form of expert and pretrial disclosures under FRCP 26(a)(2)-(4), other than as set forth above.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 13

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

**19.    Corporate Disclosure Statements.**

Defendants' filed their corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1 on May 24, 2021 (DKT 3), which they refiled with proper redactions on May 26, 2021 (DKT 10).

DATED this 9th day of September, 2022.

| | |
|---|---|
| **PARK CHENAUR AND ASSOCIATES, INC.,P.S.** | **BEVERIDGE AND DIAMOND, P.C.** |
| */s/Sonny Nguyen, per email auth.* <br> Sonny Nguyen, WSBA #53084 <br> **Park Chenaur & Associates** <br> 2505 S. 320th St., Suite #100 <br> Federal Way, Washington 98003 <br> Telephone:  253-839-9440 <br> Email:  sonny@parkchenaur.com <br> *Attorneys for Plaintiffs* | */s/Tracy Y. Williams* <br> Tracy Y. Williams, WSBA #35239 <br> 600 University St., Ste. 1601 <br> Seattle, WA 98101 <br> T:  206-315-4810 <br> E:  twilliams@bdlaw.com <br> E:  linfeld@bdlaw.com <br> *Attorneys for Defendants* <br><br> Susan E. Smith, WSBA #55808 <br> 456 Montgomery St. Ste. 1800 <br> San Francisco, CA 94104-1271 <br> T:  415-262-4023 <br> E:  ssmith@bdlaw.com <br> *Attorneys for Defendants* |
| **LAW OFFICE OF TERRY E. LUMSDEN** | **GREEN BRYANT & FRENCH, LLP** |
| */s/Terry E. Lumsden, per email auth.* <br> Terry E. Lumsden, WSBA #5254 <br> **Law Office of Terry E. Lumsden** <br> 5800 Soundview Dr Ste C102 <br> Gig Harbor, WA 98335 <br> Telephone:  253-537-4424 <br> Email:  telumsden@aol.com <br> *Associated Counsel for Plaintiffs* | */s/Matthew Poelstra, per email auth.* <br> Matthew Poelstra, CSBA #231246 <br> **Green Bryant & French, LLP** <br> 402 W. Broadway, Suite 1950 <br> San Diego, CA 92101 <br> Telephone:  856-692-1071 <br> Email:  mpoelstra@gbflawyers.com <br> *Pro Hac Vice Attorney for Plaintiffs* |

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 14

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date below, I caused to be filed the foregoing with the Clerk of Court, and caused to be served by the manner indicated true and correct copies of the foregoing documents to the following:

| | |
|---|---|
| Sonny Nguyen, WSBA # 53084<br>**Park Chenaur & Associates, Inc., P.S.**<br>2505 S. 320th St., Suite #100<br>Federal Way, Washington 98003<br>Telephone: 253-839-9440<br>Email: sonny@parkchenaur.com<br>Email: malissa@parkchenaur.com<br>Email: taylork@parkchenaur.com<br>Email: cynthia@parkchenaur.com<br>*Attorneys for Plaintiffs* | Via ECF           [x]<br>Via Email          [ ]<br>Via US Mail        [ ]<br>Via Hand Delivery  [ ] |
| Terry E. Lumsden, WSBA # 5254<br>**Law Office of Terry E. Lumsden**<br>5800 Soundview Dr Ste C102<br>Gig Harbor, WA 98335<br>Telephone: 253-537-4424<br>Email: telumsden@aol.com<br>*Associated Counsel for Plaintiffs* | Via ECF           [x]<br>Via Email          [ ]<br>Via US Mail        [ ]<br>Via Hand Delivery  [ ] |
| Matthew Poelstra<br>**Green Bryant & French, LLP**<br>402 W. Broadway, Suite 1950<br>San Diego, CA 92101<br>Telephone: 856-692-1071<br>Email: mpoelstra@gbflawyers.com<br>*Pro Hac Vice Attorney for Plaintiffs* | Via ECF           [x]<br>Via Email          [ ]<br>Via US Mail        [ ]<br>Via Hand Delivery  [ ] |

Dated this 9th day of September, 2022.

*/s/Natasha Johnston*
Natasha Johnston,
Legal Administrative Assistant

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case No. 3:21-cv-05391-DGE) - 15

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800