The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Kylee Andersen, et al.;<br><br>                      Plaintiffs,<br><br>        v.<br><br>Lewis McChord Communities LLC, a<br>Delaware limited liability company; Lincoln<br>Military Housing Lewis McChord PM LLC, a<br>Delaware limited liability company;<br><br>                     Defendants. | Case No. 3:21-cv-05391-DGE<br><br>**STIPULATED MOTION FOR<br>AGREEMENT REGARDING<br>DISCOVERY OF ELECTRONICALLY<br>STORED INFORMATION AND<br>ORDER**<br><br>**NOTE ON MOTION CALENDAR:**<br>December 8, 2022 |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.     General Principles**

1.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.  The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 1

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

2.      As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan.  To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.      ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.      <u>Custodians</u>.  The five custodians most likely to have discoverable ESI in their possession, custody, or control.  The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2.      <u>Non-custodial Data Sources</u>.  A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.      <u>Third-Party Data Sources</u>.  A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      <u>Inaccessible Data</u>.  A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 2

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

C.      **ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media</u>.  Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken.  The parties shall continue to cooperate in revising the appropriateness of the search methodology.

a.      Prior to running searches:

i.      The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information.  The producing party shall provide unique hit counts for each search query.

ii.      The requesting party is entitled to, within 14 days of the producing party's disclosure, to add no more than 10 search terms or queries to those disclosed by the producing party absent a showing of good cause or agreement of the parties.

iii.      The following provisions apply to search terms/queries of the requesting party.  Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (*e.g.*, "computer"

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 3

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

b.      After production:  Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 10 additional search terms or queries. The immediately preceding section (Section C(2)(a)(iii)) applies.

3.      Format.

a.      ESI will be produced to the requesting party according to the specifications outlined in Exhibit A.

b.      Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c.      Each document image file shall be named with a unique number (Bates Number).  File names should not be more than twenty characters long or contain spaces.  When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND  ORDER
(Case No. 3:21-cv-05391-DGE) - 4

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

4.      <u>De-duplication</u>.   The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5.      <u>Email Threading</u>.   The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies.   Upon reasonable request, the producing party will produce a less inclusive copy.

6.      <u>Metadata fields</u>.   If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged:  document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent modified and/or received; and hash value.   The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

7.      <u>Hard-Copy Documents</u>.   If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document.   Hard-copy documents images will match the specifications outlined in Exhibit A and will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language),

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 5

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**D.     Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.     Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.     The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.     Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.     Deleted, slack, fragmented, or other data only accessible by forensics.

b.     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 6

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e. Back-up data that are duplicative of data that are more accessible elsewhere.

f. Server, system or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.    Privilege**

1.    A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order.  Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection).  For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created.  Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.  Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery (*see* Dkt. 58).

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 7

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

2.      Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 8, 2022                    */s/Joel B. Ard, WSBA No.40104*
                                                          Attorneys for Plaintiff

DATED: December 8, 2022                    */s/Susan S. Smith, WSBA No. 55808*
                                                          Attorneys for Defendant

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 8

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

## ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED: <u>12/14/2022</u>



_____

The Honorable David G. Estudillo
UNITED STATES DISTRICT JUDGE

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 9

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

## EXHIBIT A – PRODUCTION FORMAT

### 1. Cover Letter

A cover letter shall be included with each production and shall include information sufficient to identify all accompanying media (hard drive, thumb drive, DVD, CD, secure FTP), shall identify each production on such media by assigning a Production Volume name or number, and shall include the Bates range for the documents produced in each volume.

### 2. Production Load Files

There will be two Load/Unitization files accompanying all productions of ESI.  The first will be a Metadata import file, in Concordance-format delimited file with a .DAT file extension, that contains the agreed upon Metadata fields in UTF-8 encoding.

The second will be a cross-reference file that contains the corresponding image information identifying document breaks.  The acceptable formats for the cross-reference files .log and .opt.

**<u>Image Load Files</u>:**

1. The name of the image load file shall mirror the name of the delivery volume.

2. Shall have the appropriate extension (e.g., ABC001.OPT).

3. The volume names shall be consecutive (e.g., ABC001, ABC002, et seq.).

4. There shall be one row in the load file for every TIFF image in the production.

5. Every image in the delivery volume shall be cross-referenced in the image load file.

6. The image ID key shall be named the same as the Bates Number of the page.

7. Load files shall not span across media (e.g., CDs, DVDs, hard drives, etc.), i.e., a separate volume shall be created for each piece of media delivered.

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 10

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

8. Files that are the first page of a logical document shall include a "Y" where appropriate.  Subsequent pages of all documents (regular document, email, or attachment) shall include a blank in the appropriate position.

**Concordance Data Load Files:**

1. Data load files shall be produced in Concordance .DAT format.

2. The data load file shall use standard Concordance delimiters:

    a.   Comma - ¶ (ASCII 20):

    b.   Quote - þ (ASCII 254); and

    c.   Newline - ® (ASCII 174).

3. The first line of the .DAT file shall contain the field names arranged in the same order as the data is arranged in subsequent lines.

4. All date fields shall be produced in mm/dd/yyyy format.

5. All attachments shall sequentially follow the parent document/email.

6. Use carriage-return to indicate the start of the next record.

7. Load files shall not span across media (e.g., CDs, DVDs, hard drives, etc.); a separate volume shall be created for each piece of media delivered.

8. The name of the data load file shall mirror the name of the delivery volume, and shall have a .DAT extension (e.g., AMC001.DAT).

9. The volume names shall be consecutive (e.g., ABC001, ABC002, et seq.).

10. If foreign language/Unicode text exists, the .DAT file shall be in UTF-8 or UTF-16 format where appropriate, consistent with this ESI Protocol.

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 11

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

**OCR/Extracted Text Files:**

1. OCR or Extracted Text files shall be provided in a separate \TEXT\ directory containing document level text files.

2. If Foreign Language/Unicode text exists, TEXT files shall be in appropriate UTF-8 or UTF-16 format.

**3. Images**

Parties shall produce documents in Single Page Group IV TIFF black and white files.

Documents shall have an Image resolution of 300 DPI.

Paper size shall be 8.5 x 11 inches unless in the reasonable judgment of the producing party, a particular item requires a different size.

If a receiving party reasonably deems the quality of the document produced in TIFF format to be insufficient, the parties will meet and confer in good faith to determine whether the producing party must produce the document in a Native Format, or as a JPEG file, and whether such document must be produced as a color image.

File Naming Convention:  Match Bates Number of the page.  Original document orientation or corrected orientation shall be retained.

**4. ESI (and Paper to the Extent Applicable) Production Metadata Fields**

| Field Name | Description |
|---|---|
| BegBates | Beginning Bates Number. |
| EndBates | Ending Bates Number. |
| BegAttach | Beginning Bates Number of the first Document in a Document family range.  Documents that are part of Document families, i.e., containing parents and attachments, should receive a value. |

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 12

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800

| Field Name | Description |
|---|---|
| EndAttach | Ending Bates number of the last Document in attachment range in a Document Family range.  Documents that are part of Document Families, i.e., containing parents or attachments, should receive a value. |
| AttachmentCount | Populated for Email parent records and indicates the number of attachments that constitute the whole family (BegAttach to EndAttach) |
| Custodian | Name of the Custodian of the Document Produced, to the extent reasonably and technically available. |
| AllCustodian | The AllCustodian field shall reference the Name(s) of all Custodian(s) who were in possession of a de-duplicated Document, to the extent reasonably and technically available. |
| FileName | Filename of the original source ESI. |
| NativeLink | Path and filename to produced Native Format file |
| EmailSubject | Subject line extracted from an Email. |
| Title | Title field extracted from the Metadata of a non-Email. |
| Author | Author field extracted from the Metadata of a non-Email. |
| From | From or Sender field extracted from an Email. |
| To | To or Recipient field extracted from an Email. |
| CC | CC or Carbon Copy field extracted from an Email. |
| BCC | BCC or Blind Carbon Copy field extracted from an Email. |
| DateSent | Sent date of an Email (mm/dd/yyyy  hh:mm:ss  format). |
| DateReceived | Received date of an Email (mm/dd/yyyy  hh:mm:ss  format). |
| DateCreated | Creation date of a file (mm/dd/yyyy  hh:mm:ss  format). |
| DateLastModified | Last modification date (mm/dd/yyyy  hh:mm:ss  format). |
| DateLastPrinted | The date the Document was last printed. |
| DateAccessed | The last accessed date of the Document. |
| File Extension | File extension of Document (.msg, .doc, .xls, etc.). |
| Full Text | File path to full text/OCR File. |
| Confidentiality | "Confidential" or "Highly Confidential," if a Document has been so designated under any Stipulated Protective Order filed with the Court; otherwise, blank. |
| HASHValue | MD5 or SHA Hash value of the file. |
| FolderPath | The path to the original folder in which the Document was located. |
| FileSize (in bytes) | Size of the file in bytes. |
| PageCount | The number of pages in the file. |
| AttachRange | Bates Number of the first page of the parent item to the Bates Number of the last page of the last attachment "child" item. |

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 13

| Field Name | Description |
|---|---|
| RecordType | To indicate "Paper," "Hard Copy," or "HC" if a Hard Copy Document and "ESI" if it is an ESI item. |
| Application | Indicates software application that generated the ESI item (e.g., Outlook, Word). |
| Production Volume | Production volume name or number. |
| Redacted | User-generated field that will indicate redactions. "X," "Y," "Yes," "True," are all acceptable indicators that the Document is redacted. Otherwise, blank. |

**5. System Files**

Common system files defined by the N1st library (http: www/nsrl.nist.gov/) need not be produced.

STIPULATED MOTION FOR AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER
(Case No. 3:21-cv-05391-DGE) - 14

BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
(206) 315-4800