1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLEE ANDERSEN and MICHAEL
ANDERSEN, guardian ad litem minor O.A.,
JESSICA ASBRIDGE, KEVIN ASBRIDGE,
guardian ad litem minor K.A. and minor L.A.,
BRYCE BASKIN, FAITH BASKIN,
CRYSTAL COOPER, guardian ad litem
minor T.C., AMBER FLETCHER, guardian
ad litem minor N.F., minor O.F., and minor
A.F., EDWARD GODOY, guardian ad litem
minor Z.G. and minor R.G., MELISSA
GODOY, KATIE KEELEY, MICHAEL
KEELEY, guardian ad litem minor D.K. and
minor A.K., GEOFFREY LUNDWALL,
guardian ad litem minor X.L., SHANA
LUNDWALL, COLBY ORR, guardian ad
litem minor C.O., DANIELLE ORR, JULIO
OSORIO, REBEKAH OSORIO, FRANCES
PAULINO, guardian ad litem minor A.P. and
minor M.P., CHANTINA POWERS, PIERRE
POWERS, guardian ad litem minor A.P.,
minor T.P., and minor C.P., CHELSEA
JOHNSON, guardian ad litem minor A.J. and
minor R.J., VANESSA STROTHER,
guardian ad litem minor KE.S. and KA.S.,
KELSEY WHITE, guardian ad litem minor
S.W. and minor T.W., ALEXANDRA PITTS,
guardian ad litem minor A.P., and DUREIU
PITTS,

    Plaintiffs,

    v.

CASE NO. 3:21-cv-5391

ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR APPROVAL
OF MINOR SETTLEMENTS

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF MINOR SETTLEMENTS -
1

1

2   LEWIS MCCHORD COMMUNITIES LLC,
    a Delaware limited liability company,
3   LINCOLN MILITARY HOUSING LEWIS
    MCCHORD PM LLC, a Delaware limited
4   liability company, JOHN and JANE DOES 1-
    50,
5
                        Defendants.
6

## INTRODUCTION

7          This matter comes before the Court on Plaintiffs' unopposed motion for approval of their

8   proposed settlement. Dkt. No. 83. The Court has considered the motion and the rest of the

9   record, including the Settlement Guardian ad Litem's reports recommending approval of the

10  proposed settlement. The Court held a hearing on the motion and heard comments from counsel,

11  the Settlement Guardian ad Litem, and individual Plaintiffs about the proposed settlement. Based

12  on the papers submitted and statements made at the hearing, the Court GRANTS the motion for

13  the reasons stated below.

## BACKGROUND

14         Plaintiffs are tenants who resided at properties owned and operated by Defendants LMH

15  Lewis-McChord on the Joint Base Lewis McCord ("JBLM"). Dkt. No. 23 at 20. During their

16  tenancies, Plaintiffs experienced leaks, water damage, moisture intrusion, and other effects of

17  decay and disrepair, including exposure to mold. *See generally id.* The proposed settlement

18  involves 28 minor children from 14 families: specifically, O.A., K.A., L.A., T.C., N.F., O.F.,

19  A.F., Z.G., R.G., A.J., R.J., D.K., A.K., X.L., X.L., C.O., A.P., M.P., A.P., A.P., T.P., T.P., A.P.,

20  C.P., KE.S., KA.S., S.W., and T.W. of the Andersen, Asbridge, Cooper, Johnson, Keeley,

21  Lundwall, Orrs, Pitts, Powers, White, Fletcher, Godoy, Paulino, and Strother households.[1] *See*

22

23

24  ---
    [1] The Court granted the parties' stipulated motion to dismiss Plaintiffs Bryce Baskin, Faith
    Baskin, Julio Osorio, and Rebekah Osorio from this action. Dkt. No. 69 at 1.

Dkt. No. 83 at 1. The minor children allege six claims: (1) negligent nuisance, (2) breach of implied covenant of quiet use and enjoyment, (3) constructive eviction, (4) breach of rental agreement, (5) breach of implied warranty of habitability, and (6) negligent infliction of emotional distress. *See* Dkt. No. 23; *see also* Dkt. Nos. 46 at 14; 53 at 12.

On February 7, 2023, the Court granted the parties' joint motion to appoint Geoffrey D. Swindler as settlement guardian ad litem (the "SGAL") to represent the interests of the 28 minor children. Dkt. No. 67 at 1–2. The SGAL provided the Court a report for each minor child's claims, and he recommends that the Court approve all the proposed settlements. Defendants offered each minor child $10,000 in total, except for A.K. and D.K., each of whom Defendants offered $11,250. Plaintiffs' attorneys request 40 percent of the minor children's recovery to cover their fees. Plaintiffs' attorneys also request additional funds to cover the costs associated with each child's case ranging from $38.36 to $912.17. *See* Dkt. Nos. 83-8 at 13; 83-14 at 16. Accordingly, the minor children's net recoveries range from $5,087.83 to $5,961.64. *See* Dkt. Nos. 83-8 at 13; 83-4 at 16.

On July 11, 2023, the Court held a hearing in which it permitted Plaintiffs' counsel, the SGAL, and the minor children's parents to speak about the proposed settlement.

The proposed settlement orders the parents or legal guardians of the minor Plaintiffs to deposit the proceeds of their settlement into a Certificate of Deposit or comparable interest-bearing account in the name of the minor child, to be released to the child upon reaching the age of majority. *See* Dkt. No. 83-16 at 2. At the hearing, several parents stated they wanted the flexibility to choose how to deposit the proceeds of their child's settlement. Mrs. Strother, parent to KE.S. and KA.S., requested $500 be deducted from each child's settlement and given to her so that she may replace her children's toys, bedding, and clothing that she discarded due to concerns of mold contamination. Dkt. No. 83-14 at 15. The SGAL raised no objection to this

request. Ms. Godoy, parent to R.G. and Z.G., requested that the entire settlement proceeds be released to R.G. and Z.G.'s parents.

### DISCUSSION

The Court has a "special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Fed. R. Civ. Pro. 17(c)(2)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem."). In carrying out its duty, the Court must "supervise the guardian ad litem's work." *M.C.S. v. Seattle Sch. Dist. No 1*, No. 2:21-CV-00619-LK, 2022 WL 508824, at *1–2 (W.D. Wash. Jan. 20, 2022).

The Ninth Circuit has not provided specific guidance on how courts ought to conduct this independent inquiry; however, it has limited the scope of review in federal question cases to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. Indeed, the Ninth Circuit reversed a district court when it focused on the "admittedly large proportion of the total settlement value going to Plaintiffs' counsel, instead of reviewing the fairness of each minor's net recovery in isolation." *See id.*

Based on their comments at the hearing, several of the Plaintiff families are clearly dissatisfied with aspects of the legal representation they received in this matter. But when asked directly by the Court whether there were any objections to the proposed settlement or its terms,

Plaintiffs and their counsel of record answered in the negative. Given the record before the Court and its role in reviewing the proposed settlement, the Court makes no findings about the professional conduct of counsel.

Turning to the terms of the proposed settlement agreement, the Court finds the proposed net settlement amounts to the minor children of at least $5,000 each for their alleged injuries to be reasonable. The Court makes this finding based on the nature of the claims and defenses, the multiple litigation risks and burdens presented, and the benefits and certainty provided to the minor children by resolving the case now. In addition, Ms. Strother requests that she received funds immediately to replace KE.S.'s and KA.S's toys, bedding, and clothes that were allegedly damaged by mold, and the SGAL raises no objections to her request. During the hearing, Ms. Godoy requested that Z.G. and R.G.'s settlement proceeds be dispersed to the family to cover its general loses rather than as compensation for the harms allegedly suffered by her children. The Court does not find this request to be in the best interests of Z.G. and R.G., and therefore, denies the request.

## CONCLUSION

Accordingly, the Court APPROVES the settlement on the terms described in the SGAL's reports and ORDERS as follows:

1. The Court approves the proposed net settlement amounts to each minor child as recommended in the SGAL's reports.

2. The Court finds the fees and costs specified in the SGAL's reports to be reasonable and approves the amounts for each as recommended in his reports.

3. The Court orders that $500 from KE.S.'s and KA.S's net settlement proceeds will go to the immediate purchase of toys, bedding, and clothes. The Court orders further that

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF MINOR SETTLEMENTS - 5

Mrs. Strother's must submit receipt for the purchase of any such items to Mr. Ard within 45 days of this order.

4. The parties have agreed that Defendants will pay the SGAL's fees. This payment must be in addition to the funds guaranteed by the minor settlements.

5. The parent(s) and/or legal guardian(s) of each minor child are ordered to deposit the proceeds of each minor child's settlement into a Certificate of Deposit or comparable interest-bearing account in the name of the minor child, to be released to the child upon reaching the age of majority.

6. Plaintiffs must obtain and file with the Court Receipts of Deposit of Funds reflecting that the net settlement proceeds to each minor child have been deposited as required above. The Receipts of Deposit must be filed within 30 days of receipt of the funds from Defendants.

7. Within ten days of filing of the Receipts of Deposit required above, the parties must file a stipulated dismissal with Court as to the minor Plaintiffs' claims.

Dated this 13th day of July, 2023.

Jamal N. Whitehead
United States District Judge